Michael T. Taurek (State Bar No. 173312)
Brian J. Soo-Hoo (State Bar No. 228298)
GREEN & HALL, A PROFESSIONAL CORPORATION
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone: (714) 918-7000
Facsimile: (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Direct Dial - 215-241-8870
Facsimile - 215-241-8844

Attorneys for Defendants
LCW AUTOMOTIVE CORPORATION and
MODERN TECHNOLOGIES GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. EDMONSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> LCW AUTOMOTIVE CORPORATION and MODERN TECHNOLOGIES GROUP, INC. and DOES 1-50., <br><br> Defendants. | Case No. CV07-3303 CAS (VBKx) <br><br> JUDGE: Hon. Christina A. Snyder <br> DEPT: 5 <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> DATE: February 11, 2008 <br> TIME: 10:00 a.m. <br> DEPT: 5 <br><br> Action Filed: May 18, 2007 |

Defendant LCW Automotive Corporation ("LCW") and Defendant Modern Technologies Group, Inc. ("MTG") (collectively "Defendants") by and through their undersigned counsel, hereby move pursuant to Fed.R.Civ.P., R. 12(b) to dismiss the First Amended Complaint of Plaintiff D.L. Edmonson Selective Service, Inc. d/b/a Selective Limousine Service ("Plaintiff") on the grounds that the First Amended

1  Complaint and its purported causes of action fail to state a claim or claims upon
2  which relief may be granted.
3       In support hereof, Defendants rely upon the Memorandum of Law attached
4  hereto and made a part hereof.

5  Dated: January 10, 2008            GREEN & HALL, A PROFESSIONAL
                                      CORPORATION

                                      By: _____
                                          Michael T. Taurek
                                          Brian J. Soo-Hoo
                                      Attorneys for Defendants
                                      LCW AUTOMOTIVE CORPORATION
                                      and MODERN TECHNOLOGIES
                                      GROUP, INC.

Dated: January 10, 2008               SPECTOR GADON & ROSEN, P.C.

                                      By: _____ /FcR
                                          Oliver D. Griffin
                                      Attorneys for Defendants
                                      LCW AUTOMOTIVE CORPORATION
                                      and MODERN TECHNOLOGIES
                                      GROUP, INC.

S:\Edmonson\Pleading\Federal\Mot-Dismiss FAC 2.DOC

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

## I. INTRODUCTION

This dispute arises out of the sale of a limousine (the "Vehicle") by Defendant LCW Automotive Corporation ("LCW") to Plaintiff.

On March 15, 2007, then Plaintiff David L. Edmonson ("Edmonson") filed an original complaint asserting various breaches of warranty arising under this sale, and more specifically a lease transaction, and based on alleged defects of the Vehicle. On May 18, 2007, Defendants removed this case to this Court by filing a Notice of Removal.

On August 9, 2007, Defendants filed a motion to dismiss Edmonson's original complaint on grounds that, *inter alia*, Edmonson lacked standing to bring the claims sought in the original complaint. The Court granted Defendants' motion and gave leave for Edmonson to file an amended complaint ("FAC"), which Plaintiff filed on September 20, 2007, adding new Plaintiff DL Edmonson Selective Service, Inc. d/b/a A Selective Limousine Service, together with new party Defendant Ford Motor Company. Plaintiff was required to remedy additional procedural defects associated with the FAC which was ultimately filed on December 13, 2007, but not served on any party in this case.

Procedural difficulties aside, Plaintiff's FAC must be dismissed pursuant to Fed. R. Civ. Pro., R. 12(b) for failure to state a claim upon which relief may be granted. The FAC fails to state a claim upon which relief may be granted because the Plaintiff's claims for breach of warranty are illusory since Plaintiff relies on a lease agreement as the governing document and the Defendants are not parties to the lease agreement ("Agreement").

## II. STANDARD OF REVIEW

In considering a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b), the Court accepts the factual allegations contained in the FAC. Where it appears that the

S:\Edmonson\Pleading\Federal\Mot-Dismiss FAC 2.DOC

plaintiff cannot prove facts that would entitle the plaintiff to relief, the complaint must be dismissed. *See generally, Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738 (1976); *Palmer v. Roosevelt Lake Log Owners Ass'n,* 651 F.2d 1289, 1294 (9th Cir.1981).

The Court is not required to accept as true unsupported legal conclusions, unwarranted inferences and deductions "cast in the form of a factual allegation." Wright and Miller, Federal Practice and Procedure, Vol. 5, § 1357, pp. 596. When considering the Plaintiff's claims, the Court may also consider documents upon which the plaintiff relies in bringing the actions, and to "matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York,* 199 F.3d 99, 107 (2d. Cir. 1999).

Despite Plaintiff's numerous drafting and pleading efforts, the FAC demonstrates that Plaintiff still does not understand its own case. Plaintiff's claims all fail because they rely on a lease document that the Defendants are not parties to, and are thus not in privity with any of the Defendants. For the reasons discussed herein, this Court should dismiss the FAC.

### III. LEGAL ANALYSIS

#### A. THE FIRST AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED SINCE THERE EXISTS NO PRIVITY OF CONTRACT BETWEEN THE PLAINTIFF AND EITHER DEFENDANT

The FAC must be dismissed for failure to state a claim upon which relief may be granted because there exists no privity between the parties pursuant to the lease agreement that Plaintiff relies on as the governing document in this matter.

Every count embodied in the Plaintiff's FAC seek recovery for breach of warranty. Privity is a prerequisite in California for recovery on a theory of breach of warranties. *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal.App.3d 1431, 1441

S:\Edmonson\Pleading\Federal\Mot-Dismiss FAC 2.DOC

(1991). Since Plaintiff's claims sound in breach of warranty, yet lack the requisite privity of parties, the FAC must be dismissed.

According to Section 2313(2) of the Uniform Commercial Code, "Any promise made by the seller to the buyer which relates to the goods becomes...[a] warranty..." California recognizes both the implied warranty of fitness and the implied warranty of merchantability and the "general rule is that privity of contract is required in an action for breach of either express or implied warranty." *All West Electronics v. M-B-W*, 64 Cal.App.4th 717, 724 (1998).

Specifically, a plaintiff alleging breach of warranty claims must stand in "vertical privity" with the defendant. *Osborne v. Subaru of America, Inc.*, 198 Cal.App.3d 646, 656 (1988). Vertical privity means that the plaintiff and the defendant must "occupy adjoining links in the distribution chain." *Id.* at 656 n. 6. "For example, the distributor is normally in vertical privity with the manufacturer, and the ultimate retail buyer is normally in vertical privity with the dealer. But if the retail buyer seeks warranty recovery against a manufacturer with whom he has no direct contractual nexus, the manufacturer would [be insulated] via the vertical privity defense." *Id.*

Just like in the then-plaintiff's original complaint, Plaintiff references a certain lease agreement between the "parties." Plaintiff claims that by the "parties" entering into this lease agreement, that warranty and other obligations were somehow triggered between Plaintiff and Defendants. However, Plaintiff is unable to explain this leap of logic, which begs the question of how this chain of events is even possible when the Defendants are not party to the Agreement in question.

Paragraphs 2 and 9 of the FAC state, in relevant part:

> 2. Plaintiff leased a new motor vehicle through Advantage Funding Commercial Capital Corp., in the county of Los Angeles, State of California, from Defendants LCW Automotive Corporation (herein,

"LCW") and Distributions of Limousines, Inc. (herein, "DISTRIBUTION") which were and are manufactures which converted the vehicle from a passenger car into a limousine.

* * *

9. In connection with this lease transaction, Plaintiff received the express warranty of LCW in the written statement of Defendants, LCW and DOES 1-50, Inclusive, which accompanied the product.

The Agreement in question is neither attached to the FAC, nor are any provisions of the Agreement stated to their legal effect within the FAC. *Whitty v. First Nationwide Mortg. Corp.*, 2006 U.S. Dist. LEXIS 87242 (9th Cir. 2006). The FAC should be dismissed on this ground alone.

However, and although outside the four corners of the pleading at issue, the Agreement is attached to the Declaration of David L. Edmonson, Jr. in support of then-plaintiff Edmonson's response in opposition to Defendants' Motion to Transfer Venue. The Agreement clearly states the names of the parties to the Agreement:

LESSOR:   Advantage Funding Commercial Capital Corp.

LESSEE:   DL Edmonson Selective Service, Inc. d/b/a A Selective Limousine Service

As outlined above, Defendants are not a party to the written agreement principally relied on by Plaintiff. Plaintiff seeks to circumvent the vertical privity requirement by doing exactly what the *Osborne* court precludes—seeking recovery against a manufacturer from whom the Plaintiff has no direct contractual nexus. Plaintiff may not "skip steps" in seeking recovery.

In *All West*, the California Court of Appeals for the Fifth District held that plaintiff could not recover on breach on warranty claims arising out of a defective

1  paver against the manufacturer because there existed no privity of contract between
2  them. The plaintiff in that case, All West, had purchased the paver from C&R, and
3  therefore, was not in privity of contract with MBW. Because plaintiff All West did
4  not contract for the sale/lease of the paver with MBW, the court affirmed the trial
5  court's directed verdict in favor of MBW.

6       In the instant matter, Plaintiff has not shown the requisite contractual
7  relationship with either Defendant, but have again relied on a written document that
8  does not connect the instant Plaintiff to the Defendants. Plaintiff's agreement to lease
9  was entered into between Plaintiff **D.L. Edmonson Selective Service, Inc. d/b/a**
10 **Selective Limousine Service** and **Advantage Funding Commercial Capital Corp.**
11 Neither Defendant MTG, nor Defendant LCW are a signatory or party to the lease
12 agreement.

13      Since there exists no privity of contract between Plaintiff and either Defendant
14 LCW or Defendant MTG and because California requires privity in breach of
15 warranty recovery, Plaintiff may not recover against either Defendant under the
16 Agreement. As such, Plaintiff's FAC fails to state a claim upon which relief may be
17 granted and must be dismissed.

18
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## IV. CONCLUSION

For these reasons, Defendants LCW AUTOMOTIVE CORPORATION and MODERN TECHNOLOGIES GROUP, INC. respectfully request that this Court grant its Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: January 10, 2008

GREEN & HALL, A PROFESSIONAL CORPORATION

By: _____
Michael T. Taurek
Brian J. Soo-Hoo
Attorneys for Defendants
LCW AUTOMOTIVE CORPORATION
and MODERN TECHNOLOGIES GROUP, INC.

Dated: January 10, 2008

A SPECTOR GADON & ROSEN, P.C.

By: _____ /For
Oliver D. Griffin
Attorneys for Defendants
LCW AUTOMOTIVE CORPORATION
and MODERN TECHNOLOGIES GROUP, INC.

S:\Edmonson\Pleading\Federal\Mot-Dismiss FAC 2.DOC

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1851 East First Street, 10th Floor, Santa Ana, California 92705-4052.

On January 10, 2008, I served the within document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

[X] **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 10, 2008, at Santa Ana, California.

Christie Iverson
(Type or print name)                              (Signature)

1

S:\pos\Edmonson.District.doc

## SERVICE LIST

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Brennan, Wiener & Associates, A P.C.
3150 Montrose Ave.
La Crescenta, CA 91214
818/249-5291; Fax: 818/249-4329
Attorneys for Plaintiff

Clerk of the Court
United States District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

JUDGE: CHRISTINA A. SNYDER
DEPT. 5
United States District Court
Central District of California
312 N. Spring Street
Los Angeles, CA 90012

Brian Takahashi, Esq.
Robert S. Robinson, Esq.
Douglas J. Lief, Esq.
Bowman and Brooke, LLP
879 West 190th Street, Suite 700
Gardena, CA 90248
301/768-3068; Fax: 310/719-1019
Attorneys for Ford Motor Company

2

S:\pos\Edmonson.District.doc