Robert F. Brennan, Esq. [S.B. #132449]
**Brennan, Wiener & Associates, A P.C.**
3150 Montrose Avenue
La Crescenta, CA 91214
Tel: (818) 249-5291
Fax: (818) 249-4329

Attorneys for Plaintiff
D.L. EDMONDSON SELECTIVE SERVICE INC. dba SELECTIVE LIMOUSINE SERVICE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. EDMONSON, JR., an Individual,<br><br>        Plaintiff,<br><br>vs.<br><br>LCW AUTOMOTIVE CORPORATION, and MODERN TECHNOLOGIES GROUP, INC., and DOES 1-50, Inclusive,<br><br>        Defendants | Case No: CV 07-3303 JSL VBKx<br>Judge: Hon. Christina A. Snyder<br>Dept: 5<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS LCW AUTOMOTIVE CORPORATION AND MODERN TECHNOLOGIES GROUP, INC'S MOTION TO DISMISS**<br><br>Date: February 11, 2007<br>Time: 10:00am<br>Dept: 5 |

## I. Introduction

Defendants' position that there is no privity of contract in this matter is irrefutably false. The only remaining Plaintiff, DL Edmonson Selective Service Ind. d.b.a. A Selective Limousine Service, is the Lessee on the lease of the subject limousine with Advantage Funding Commercial Capital Corporation.. In connection with the lease agreement, LCW provided an express and implied

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

warranty to Plaintiff A Selective Limousine Service for the new motor vehicle that is the basis for the five causes of action for breach of express and implied warranty claims. Complaint, parg. 9.

Plaintiff A Selective Limousine Service, as the Lessee on the lease, "is entitled by the terms of the warranty…or under applicable State law to enforce against the warrantor…the obligations of the warranty." 15 U.S.C. Section 2301 (3) (of the Magnuson-Moss Act). As Lessee, Plaintiff A Selective Limousine Service also qualifies as a "buyer" or "lessee" under the Song-Beverly Act. Civ. Code Section 1791 (b) and (h). **(Song-Beverly explicitly extends protection to lessees as well as buyers of consumer goods. Civ. Code Section 1795.4.)**

Defendants argument regarding privity of contract is incorrect because neither the Song-Beverly Act nor the Magnuson-Moss Act requires vertical privity. In fact, both statutes are drafted to eliminate the vertical privity requirement for consumer warranties. It is indeed the rare consumer who buys his or her car directly from, say, Ford or General Motors. Most consumers, including Plaintiff A Selective Limousine Service, buy their vehicles through dealers who maintain independent corporate identities from the manufacturers. If vertical privity were a requirement for enforcement of warranty laws, state and federal warranty laws would, at once, become "dead letters" for all but those very, very few consumers who have bought their vehicles directly from manufacturers.

For these and other reasons more fully discussed herein, Defendants' motion to dismiss should be denied.

## II. Statement of Facts

This is a breach of warranty case based on five causes of action under Song-Beverly, California <u>Commercial Code</u> and Magnuson-Moss Warranty Act. Plaintiff A Selective Limousine Service has not alleged any common law claims and has not alleged any breach of contract claim.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The complaint alleges that Plaintiff A Selective Limousine Service is a corporation who leased a new motor vehicle through Advantage Funding Commercial Capital Corp, a New York corporation. The vehicle was manufactured by defendant LCW. The co-defendant, Modern Technologies Group, Inc., manufactured certain parts for the vehicle.

In connection with the lease agreement, LCW provided an express and implied warranty to Plaintiff A Selective Limousine Service for the new motor vehicle that is the basis for the five causes of action for breach of express and implied warranty claims. Complaint, parg. 9.

The Complaint further alleges that pursuant to the Song-Beverly Act, during the first 12 months that Plaintiff A Selective Limousine Service leased the vehicle, it was presented for repairs at least ten times. All of these repairs were performed in either of two repair facilities that defendant LCW maintained in Southern California to perform its warranty obligations. Complaint, pargs. 12-17. All of Defendant LCW's repair attempts were unsuccessful and the vehicle continued to have substantial problems with the HVAC and electrical systems. Complaint, parg. 18.

### III. DEFENDANTS GAVE PLAINTIFF A WRITTEN MANUFACTURERS WARRANTY AND THUS ARE IN CONTRACTUAL PRIVITY WITH THE LESSEE OF THE LEASE AGREEMENT.

Defendants incorrectly contend that despite having honored the manufacturers written warranty, privity does not extend to Plaintiff A Selective Limousine Service.

To begin with, Defendants misstate California law. California no longer requires vertical privity between buyers and manufacturers.[1] Under California law, anyone warranting consumer goods, or any part thereof,[2] gives an implied warranty of merchantability as a matter of law, and is directly liable to the buyer for any breach of that implied warranty.[3] Under California's "lemon law," the Song-Beverly Consumer Warranty Act,[4] Defendants have no basis for their claims. Furthermore, Plaintiff has found absolutely no authority to support Defendants contention that vertical privity is required under Magnuson-Moss.

Plaintiff can pursue his Magnuson-Moss claims against Defendants directly. In general, the requirement of vertical privity "has been strongly attacked, and a legislative and judicial trend away from it is apparent."[5] In enacting Magnuson-Moss, Congress specifically eliminated vertical privity requirements for implied warranty claims, even where the law of the underlying state would otherwise require privity. By its own terms, nothing in the Commercial Code can "impair ... any statute regulating sales to consumers ... ."[6] Thus, even if California law required vertical privity – which it does not – it would not impair Plaintiff's causes of action under Magnuson-Moss, a consumer statute that expressly authorizes direct actions against all warrantors, including manufacturers such as LCW and MTG.[7]

---

[1] 3 Witkin, Summary of California Law (9th ed. 1987) SALES § 95, p. 81 ["The Consumer Warranty Act {citation} eliminates the requirement of privity between the buyer and the manufacturer or distributor, by implying warranties in retail sales of consumer goods unless disclaimed"].
[2] Civ. Code § 1791(a).
[3] Civ. Code § 1792.
[4] Civ. Code § 1790 et seq.
[5] 3 Witkin, Summary of California Law (9th ed. 1987) SALES § 95(1), pp. 79-80, and authorities cited therein.
[6] Comm. Code § 2102.
[7] Szajna v. General Motors Corp. (1986) 115 Ill.2d 294, 104 Ill.Dec. 898, 503 N.E.2d 760, 768-70.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Magnuson-Moss defines a "supplier" to include anyone who makes a product "directly or indirectly available to consumers."[1] This includes remote manufacturers such as MTG who make their products available to consumers only indirectly. Magnuson-Moss similarly defines a "warrantor" as a supplier or other person who gives or offers to give a written warranty.[2] Finally, Magnuson-Moss expressly prohibits anyone who gives a written warranty from disclaiming implied warranties.[3] These provisions indicate that Magnuson-Moss has abolished any vertical privity requirement, even for implied warranty claims, so long as the defendant gives a written warranty.[4]

Case law is in accordance with Plaintiff's position that vertical privity is not required for enforcement of implied warranty remedies. The recent decision in Atkinson v. Elk Corp. of Texas (2006) 142 Cal. App.4th 212 is directly on point. The court held: "Elk brought itself into privity of contract with the ultimate consumer, Atkinson, extending this express warranty." (Id. at 229). With regard to the implied warranty, the court held: "It would be inconsistent to recognize privity existing for breach of express quality warranties under Magnuson-Moss and to reach the opposite conclusion in the same transaction for breach of implied warranty of merchantability." (Id. at 229)

In Szajna v. General Motors Corp.,[5] a 1986 case from Illinois, a consumer attempted to sue the manufacturer directly for breach of implied warranty obligations, and argued that Illinois should abrogate the privity requirement, as many other states had done. The Illinois Supreme Court considered the issue at

---

[1] 15 U.S.C. § 2301(4).
[2] 15 U.S.C. § 2301(5).
[3] 15 U.S.C. § 2308(a)(1).
[4] See, e.g., Note, *Consumer Product Warranties Under the Magnuson-Moss Warranty Act and the Uniform Commercial Code* (1977) 62 Cornell L. Rev. 738, 755-56 ["The Act significantly changes the privity rules in the less progressive jurisdictions … This removes any question of lack of vertical privity between a warrantor and the first retail purchaser"].
[5] Szajna v. General Motors Corp., supra, 503 N.E.2d 760.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

length, but "decline[d] to abolish the privity requirement in implied-warranty economic-loss cases." The court's inquiry did not end there, however, because the plaintiff had sought relief for breach of implied warranty obligations under Magnuson-Moss as well as under the Commercial Code. The court undertook an extensive analysis of Magnuson-Moss, and held that Magnuson-Moss permits a consumer to recover directly from a manufacturer who gives a written warranty, even where vertical privity would otherwise be required under state law:

> "... if a Magnuson-Moss written warranty ... is given by reason of the policy against disclaimers of implied warranty expressed in Magnuson-Moss and the provisions authorizing a consumer to sue a warrantor, the nonprivity 'consumer' should be permitted to maintain an action against the 'warrantor.' [Citation.] The rationale of this conclusion ... would hold that under Magnuson-Moss a warrantor, by extending a written warranty to the consumer, establishes privity between the warrantor and the consumer which, though limited in nature, is sufficient to support an implied warranty under ... the UCC."[1]

Both the language of Magnuson-Moss and the sound public policy behind the statutory scheme justify this conclusion. Other courts agree: "Magnuson-Moss also actually imposes upon the manufacturer/express warrantor the same implied warranties which, under State law, are imposed only against the buyer's immediate seller."[2] "The requirement of privity of contract between the consumer

---

[1] Id. at 768-70.
[2] Rothe v. Maloney Cadillac, Inc. (1988) 119 Ill.2d 288, 116 Ill.Dec. 207, 518 N.E.2d 1028.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

and the warrantor has been removed by assuring consumers a remedy against all warrantors of the product."[1]

Case law, public policy, Congressional intent, and the language of the statute itself all compel the conclusion that lack of privity is no bar to a cause of action for breach of implied warranty obligations under Magnuson-Moss, even where the law of the underlying state would otherwise require vertical privity. This Court should therefore reject Defendant's argument, which misstates the applicable law.

## CONCLUSION

Based on the above statement of facts and authority, Defendant's motion to dismiss should be denied in its entirety.

Dated: January 28, 2008

Brennan, Wiener & Associates, A P.C.

By: _____
Robert F. Brennan, Esq.
Agnes O. Martin, Esq.
Attorneys for Plaintiffs

---

[1] Ventura v. Ford Motor Corp. (1981) 180 N.J.Super. 45, 59, 433 A.2d 801.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On **January 28, 2008,** I served the foregoing document described as **PLAINTIFF'S OPPOSITION TO DEFENDANTS LCW AUTOMOTIVE CORPORATION AND MODERN TECHOLOGIES GROUP, INC'S MOTION TO DIMISS**

[x] by placing [ ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

Michael T. Taurek
Brian J. Soo-Hoo
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Brian Takahashi, Esq.
Douglas J. Lief, Esq.
BOWMAN AND BROOKE LLP
879 West 190th Street, Suite 700
Gardena, CA  90248

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.
[x] <u>Federal:</u> *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on **January 28, 2008** at La Crescenta, California.

-------------------------------
Isabel Grubbs