1   Robert F. Brennan, Esq. {S.B.#132449}
    Robert A. Wiener, Esq. {S.B.#132847}
2   **Brennan, Wiener & Associates, A P.C.**
    3150 Montrose Avenue
3   La Crescenta, CA 91214
    Tel: (818) 249-5291
4   Fax: (818) 249-4329
    Email: rbrennan@brennanlaw.com
5
    Attorneys for Plaintiff D.L. EDMONSON
6   SELECTIVE SERVICE INC. dba SELECTIVE
7   LIMOUSINE SERVICE

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10
11  D.L. EDMONSON SELECTIVE            ) Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE         ) Hon.  Victor B. Kenton
12  LIMOUSINE SERVICE, a Corporation,  )
13                                     ) **PLAINTIFF'S NOTICE OF**
                 Plaintiff,            ) **MOTION AND MOTION TO**
14                                     ) **COMPEL DEPOSITION OF**
                                       ) **DEFENDANT LCW**
15       vs.                           ) **AUTOMOTIVE CORPORATION'S**
                                       ) **PERSON MOST**
16  LCW AUTOMOTIVE                     ) **KNOWLEDGEABLE AND**
    CORPORATION, a corporation;        ) **PRODUCTION OF DOCUMENTS;**
17  DISTRIBUTION OF LIMOUSINES,        ) **REQUEST FOR MONETARY**
    INC., a corporation; FORD MOTOR    ) **SANCTIONS; MEMORANDUM OF**
18  COMPANY, a corporation; MODERN     ) **POINTS AND AUTHORITIES**
19  TECHNOLOGIES GROUP, INC.; and      )
    DOES 1-50, Inclusive,              ) [Filed concurrently with Declarations
20                                     ) of Robert Bichler and Robert F.
21               Defendants.           ) Brennan with Exhibits.]
                                       )
22                                     ) Date:   March 10, 2009
                                       ) Time:   10:00 a.m.
23                                     ) Courtroom: 934H
24                                     )
                                       ) Trial Date: May 26, 2009
25                                     )
                                       )
26                                     )
27
28

1  TO DEFENDANT LCW AUTOMOTIVE CORPORATION AND ITS
2  ATTORNEY OF RECORD:

3     PLEASE TAKE NOTICE THAT ON March 10, 2009, at 10:00 a.m.. or as
4  soon thereafter as the matter may be heard in the above-entitled court located at
5  312 N. Spring Street, Los Angeles, CA 90012, Plaintiff D.L. Edmonson Selective
6  Service Inc. dba Selective Limousine Service will and hereby does move for an
7  order compelling the person most knowledgeable at Defendant LCW Automotive
8  Corporation to submit to a deposition and produce documents.

9     Plaintiff also moves for an order that Defendant's attorney, Oliver Griffin,
10  individually, pay to the moving party the sum of $9,865.00 as the reasonable costs
11  and attorney's fees incurred by the moving party in connection with this
12  proceeding, and that he be reprimanded or suspended from practice in the Central
13  District for his severe abuse of the discovery process.

14     This motion is made on the grounds that Defendant's attorney, Oliver
15  Griffin, has repeatedly failed to produce Defendant's person most knowledgeable
16  at scheduled depositions during the past nine months, cancelling at the last
17  moment, refusing without justification to stipulate to a new deposition date and
18  showing no indication of carrying through on the deposition absent a motion to
19  compel.

20     This motion is based on this Notice of Motion and Motion, the
21  Memorandum of Points and Authorities filed herewith, the declarations of Robert
22  F. Brennan, counsel for Plaintiff, and Bob Bichler, paralegal to Mr. Brennan, the
23  notice of deposition and related correspondence attached to Mr. Brennan's
24  declaration, the record of this case, and any further evidence or argument the
25  Court may wish to entertain.

26  ///
27  ///
28  ///

1   Dated: January 20, 2009

2                      BRENNAN, WIENER & ASSOCIATES, A P.C.

3

4

                  By: _____

5                       Robert F. Brennan, Esq.

6                       Attorneys for Plaintiff
                      D.L. Edmonson Selective Service Inc.

7                       dba Selective Limousine Service

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Plaintiff's Motion to Compel Deposition and Production of Documents

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a breach of warranty case by Plaintiff D.L. Edmonson Selective Service Inc., dba Selective Limousine Service, against Defendants, LCW Automotive Corporation ("LCW") and Modern Technologies Group, Inc. ("MTG"). This motion seeks to compel a timely deposition of Defendant LCW's person most knowledgeable and the production of related documents. Plaintiff has been attempting to schedule the LCW deposition since May 2008. This motion is necessary because of the chronic and habitual cancellation of this deposition at the last minute by Defendant's counsel, Oliver Griffin, agreeing to new dates only to cancel those dates at the last minute again, and refusing to respond in a timely manner to requests for new dates. There are no substantive discovery issues in dispute. This motion is directed only at Mr. Griffin's gross abuse of the discovery process in attempting to run out the clock on discovery by delaying tactics.

For the reasons more fully discussed herein and set forth in the accompanying Declarations, Plaintiff's motion to compel should be granted, and Defendant's attorney, Oliver Griffin, be ordered to pay monetary sanctions in the amount of $9,865.00 to Plaintiff and its counsel. Moreover, due to the severity of Mr. Griffin's failure to participate in discovery, a reprimand or suspension from practice in the Central District should be considered.

///
///
///
///
///
///

## II.  STATEMENT OF FACTS

### A. Facts Of This Case.

This is a breach of warranty case based on five causes of action under the Song-Beverly Consumer Warranty Act, the California Commercial Code and the federal Magnuson-Moss Warranty Act. The complaint arises from Plaintiff's lease of a new motor vehicle through Advantage Funding Commercial Capital Corp, a New York corporation. The lease was entered into in Los Angeles, California. The vehicle was manufactured by defendant LCW in Mexico. The co-defendant, Modern Technologies Group, Inc., manufactured certain parts for the vehicle.

In connection with the lease agreement, LCW provided an express and implied warranty to Plaintiff for the new motor vehicle that is the basis for the five causes of action for breach of express and implied warranty. During the first 12 months that Plaintiff leased the vehicle, it was presented for repairs at least ten times. All of Defendant LCW's repair attempts were unsuccessful and the vehicle continued to have substantial problems with the HVAC and electrical systems.

### B. Plaintiff's Attempts To Obtain LCW's Deposition Testimony.

The accompanying declarations of Robert F. Brennan, Plaintiff's counsel, and Bob Bichler, paralegal in the office of Plaintiff's counsel, establish the facts related to the present motion to compel. This motion to compel follows a long series of attempts by Defendant's counsel, Oliver Griffin, to avoid having the deposition of LCW taken, including last minute cancellations. (Brennan Decl., ¶ 4.)

Approximately nine months ago, on April 18, 2008, Plaintiff served its first Notice of Deposition on LCW setting the deposition for May 21, 2008. (Exhibit A.) Shortly before the deposition, Mr. Griffin cancelled. (Brennan Decl., ¶ 5 & 6.)

1    On September 18, 2008, Plaintiff served its first Amended Notice of
2    Deposition on LCW, setting the deposition for September 26, 2008. (Exhibit B.)
3    Shortly before the deposition, Mr. Griffin again cancelled. (Brennan Decl., ¶ 7 &
4    8.)

5    On November 24, 2008, Plaintiff served its Third Notice of Deposition on
6    LCW, setting the deposition for December 3, 2008. (Exhibit C.) (Brennan Decl.,
7    ¶ 9.) On December 2, 2008, Mr. Griffin sent an email to Mr. Brennan confirming
8    his prior verbal cancellation, stating in part in the email: "I am afraid we will need
9    to postpone, yet again. If you feel compelled to file a motion, then do so, as I
10   don't blame you . . . ." No reasons for the cancellation was provided. (Exhibit D.)
11   (Brennan Decl., ¶ 10.)

12   Mr. Brennan emailed Mr. Griffin back, advising that Plaintiff would need
13   proposed exact dates and that Mr. Griffin "ENTER INTO A STIPULATION
14   AND COURT ORDER FOR SAME, to be filed with the magistrate judge upon
15   execution;" otherwise, Plaintiff would have to file a motion to compel. (Exhibit
16   E.) Mr. Griffin was asked to respond by the next day (Wednesday, December 3)
17   if he would consent to this proposal, but he did not reply. (Brennan Decl., ¶ 11.)

18   By letter dated December 1, 2008, Mr. Brennan advised Mr. Griffin of the
19   chronic cancellations and the innumerable phone calls to Defendants' local co-
20   counsel Green & Hall, to schedule Defendant LCW's deposition. Mr. Brennan
21   requested that Mr. Griffin send him dates in December for the deposition.
22   (Exhibit F.) Mr. Griffin never replied to the letter. (Brennan Decl., ¶ 12.)

23   On December 11, 2008, Mr. Brennan sent a meet and confer letter,
24   pursuant to Rule 37-1, to Mr. Griffin regarding this latest in a series of
25   cancellations and delays on his part. (Exhibit G.) Mr. Griffin did not reply
26   directly to the letter. (Brennan Decl., ¶ 13.)

27   On December 5, 2008, Mr. John Nuelle, local co-counsel to Mr. Griffin
28   provided various dates for the deposition of LCW (and co-Defendant MTG),

including January 6, 2009. (Brennan Decl., ¶ 14.)  Mr. Brennan's office made a number of attempts to obtain a formal stipulation by Mr. Griffin to the deposition date, but no response from Mr. Griffin was received.  Plaintiff then noticed the deposition of LCW's person most knowledgeable for January 6, 2009.  (Exhibit H.) (Brennan Decl., ¶ 15.)

On January 6, 2009, LCW and Mr. Griffin did not appear for the noticed deposition.  A Declaration of Nonappearance was taken. (Exhibit I.)  Mr. Brennan had not received any communication from Mr. Griffin prior to or after the failure to appear. (Brennan Decl., ¶ 16.)

The accompanying Declaration of Robert Bichler confirms the frustration of attempting to work with Mr. Griffin to get the LCW deposition scheduled. (Bichler Decl., ¶¶ 1-8.)

## III. ARGUMENT

### A. LAW APPLICABLE TO MOTIONS TO COMPEL.

Any party may, on notice to all other parties, apply for an order compelling discovery or disclosure. FRCP, Rule 37(a)(1).  In addition, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. FRCP, Rule 37(d).

### B. THE DEPOSITION OF LCW'S PERSON MOST KNOWLEDGEABLE SHOULD BE COMPELLED.

Defendant and its attorney can offer no credible basis for not producing their witness for deposition.  This is simply a case of gamesmanship where Defendant's attorney sees that it is to his client's advantage to run out the clock

1  on discovery by stalling the deposition and is making a conscious effort to do so
2  in total disregard for Plaintiff's rights.

3      The accompanying Declarations of Robert Brennan and Bob Bichler
4  establish numerous attempts, including four notices of deposition dating back to
5  April 2008, to obtain the deposition of LCW.  Defendant's attorney, Oliver
6  Griffin, would avoid having the deposition of LCW taken by cancelling at the last
7  minute. (Brennan Decl., ¶¶ 4 - 10.)

8      Mr. Brennan has requested that Mr. Griffin stipulate to a deposition date in
9  order to avoid a motion to compel, by he has refused. (Brennan Decl., ¶ 11 & 12.)
10  Mr. Griffin has failed to properly meet and confer following Mr. Brennan's recent
11  Rule 37-1 meet and confer letter to him. (Brennan Decl., ¶ 13.)

12      Most recently, Plaintiff noticed the deposition of LCW for January 6, 2009,
13  based on that date being provided by Mr. John Nuelle, local co-counsel to Mr.
14  Griffin.  LCW and Mr. Griffin did not appear for the noticed deposition, and Mr.
15  Griffin failed to provide any explanation prior to or after the failure to appear.
16  (Brennan Decl., ¶¶ 14-16, and Exh. I, Declaration of Nonappearance.)

17      The accompanying Declaration of Mr. Bichler confirms the frustration of
18  attempting to work with Mr. Griffin to get the LCW deposition scheduled.
19  (Bichler Decl., ¶¶ 1-8.)

20      It is not an overstatement to suggest that the conduct of Mr. Griffin in this
21  regard warrants scrutiny with a view toward a reprimand or a suspension from
22  practice in the Central District.  Mr. Griffin's severe abuse of the discovery
23  process should not be tolerated by the court.

24  ///
25  ///
26  ///
27  ///
28

## C. **Monetary Sanctions Should Be Imposed Upon Defendant And Its Attorneys For Abuse Of The Discovery Process.**

The court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. FRCP, Rule 37(d). In this instance, Mr. Griffin can offer no legitimate basis for his abuse of the discovery process as described above. There is no justification for Mr. Griffin's action and no basis for suggesting that the award of attorney's fees and expenses would be unjust under these circumstances. Even Mr. Griffin admits that a motion to compel was warranted under the circumstances. (Brennan Decl., ¶ 10.)

Mr. Griffin's delaying tactics are designed to prevent Plaintiff from obtaining information that is clearly relevant in this case. Mr. Griffin's stonewalling on this discovery has forced Plaintiff to incur attorney's fees and expenses in bringing the present motion to compel. The conduct of Mr. Griffin in this regard warrants that monetary sanctions be imposed upon him personally in the amount of $9,865.00, as substantiated by the accompanying Declaration of Robert F. Brennan. (Brennan Decl., ¶ 19.)

## IV. **CONCLUSION**

For the above-stated reasons, Plaintiff's motion to compel should be granted and monetary sanctions awarded in the amount of $9,865.00.

It is not an overstatement to suggest that the delaying tactics of Mr. Griffin warrant scrutiny with a view toward a reprimand or his suspension from practice in the Central District. Mr. Griffin's severe abuse of the discovery process should not be tolerated by the court.

///

///

1    Dated: January __, 2009

2                                    BRENNAN, WIENER & ASSOCIATES, A P.C.

3

4

5                                    By:_____
                                         Robert F. Brennan, Esq.
6                                        Attorneys for Plaintiff
                                         D.L. Edmonson Selective Service Inc.
7                                        dba Selective Limousine Service

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Motion to Compel Deposition and Production of Documents

EXHIBIT A

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com
5
6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service
7

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11 D.L. EDMONDSON SELECTIVE          )  **Case No.: CV07-3303 CAS (VBKx)**
   SERVICE INC. dba SELECTIVE        )  Hon. Christina A. Snyder
12 LIMOUSINE SERVICE, a Corporation, )  Courtroom: 5
                                     )
13     Plaintiff,                    )
                                     )
14     vs.                           )  **NOTICE OF DEPOSITION OF**
                                     )  **DEFENDANT LCW**
15 LCW AUTOMOTIVE                    )  **AUTOMOTIVE CORPORATION**
   CORPORATION, a corporation;       )
16 DISTRIBUTION OF LIMOUSINES,       )
   INC., a corporation; FORD MOTOR   )
17 COMPANY, a corporation; MODERN    )
   TECHNOLOGIES GROUP, INC., and     )  DATE: May 21, 2008
18 DOES 1-50, Inclusive,             )  TIME: 9:30 a.m.
                                     )  PLACE: 3150 Montrose Avenue
19     Defendants                    )           La Crescenta, CA 91214
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )

23     TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24 OF RECORD HEREIN:

25     **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26 26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27 Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28 CORPORATION via its person or persons most qualified to testify regarding the

                                     1

1 | issues specified in Exhibit A, attached hereto, on May 21, 2008 at 9:30 a.m. at the
2 | law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150 Montrose
3 | Avenue, La Crescenta, CA 91214. The witness or witnesses will be required to
4 | produce at time of deposition the documents demanded in Exhibit B, attached
5 | hereto.

6 | YOU ARE FURTHER NOTIFIED that said deposition shall be conducted
7 | before a notary public or other person authorized to administer oaths, and shall
8 | continue from day to day, Saturdays, Sundays and legal holidays excluded, until
9 | completed.

11 | Dated: April ___, 2008

Brennan, Wiener & Associates, A P.C.

By: _____
Robert F. Brennan, Esq.
Attorneys for Plaintiff
D.L. Edmonson Selective Service Inc., dba
Selective Limousine Service

# DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

## Exhibit A

### Testimony
### EXHIBIT A

## CATEGORIES OF TESTIMONY

1. The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

2. All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

3. The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

4. All buybacks of vehicles that have the same problems as the **SUBJECT VEHICLE** and are the same model and year as the **SUBJECT VEHICLE**.

Plaintiff's Notice of Deposition of LCW (re decision to deny)

# EXHIBIT B

## REQUEST FOR DOCUMENTS

1. All **DOCUMENTS** which were reviewed in making the **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

2. All **DOCUMENTS** which support the **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

3. All **DOCUMENTS** memorializing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

4. All **DOCUMENTS** memorializing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle's reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

5. All **DOCUMENTS** listing the buybacks of vehicles that have the same problems as the **SUBJECT VEHICLE** and are the same model and year as the **SUBJECT VEHICLE**.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On April 18, 2008, I served the foregoing document described as <u>NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION (re decision to deny)</u>

[x] by placing [ ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

Brian J. Soo-Hoo, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Brian Takahashi, Esq.
Douglas J. Lief, Esq.
BOWMAN AND BROOKE LLP
879 West 190th Street, Suite 700
Gardena, CA 90248

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[x] <u>Federal:</u> *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on April 18, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT B

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com
5
6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service
7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11 D.L. EDMONDSON SELECTIVE          )  **Case No.: CV07-3303 CAS (VBKx)**
   SERVICE INC. dba SELECTIVE        )
12 LIMOUSINE SERVICE, a Corporation, )  Hon.  Christina A. Snyder
                                     )  Courtroom: 5
13       Plaintiff,                  )
                                     )  **AMENDED NOTICE OF**
14       vs.                         )  **DEPOSITION OF DEFENDANT**
                                     )  **LCW AUTOMOTIVE**
15 LCW AUTOMOTIVE                    )  **CORPORATION**
   CORPORATION, a corporation;       )
16 DISTRIBUTION OF LIMOUSINES,       )
   INC., a corporation; FORD MOTOR   )  DATE: September 26, 2008
17 COMPANY, a corporation; MODERN    )  TIME:  10:30 a.m.
   TECHNOLOGIES GROUP, INC., and     )  PLACE: 3150 Montrose Avenue
18 DOES 1-50, Inclusive,             )         La Crescenta, CA 91214
                                     )
19       Defendants                  )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )
23       TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24 OF RECORD HEREIN:

25       **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26 26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27 Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28 CORPORATION via its person or persons most qualified to testify regarding the

1  issues specified in Exhibit A, attached hereto, on September 26, 2008 at 10:30
2  a.m. at the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150
3  Montrose Avenue, La Crescenta, CA  91214.  The witness or witnesses will be
4  required to produce at time of deposition the documents demanded in Exhibit B,
5  attached hereto.

6     YOU ARE FURTHER NOTIFIED that said deposition shall be conducted
7  before a notary public or other person authorized to administer oaths, and shall
8  continue from day to day, Saturdays, Sundays and legal holidays excluded, until
9  completed.

10

11  Dated: September 18, 2008        Brennan, Wiener & Associates, A P.C.

12

13

14                   By: _____
15                        Robert F. Brennan, Esq.
                      Attorneys for Plaintiff
16                        D.L. Edmonson Selective Service Inc., dba
                      Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

## DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

### Exhibit A
### Testimony

**CATEGORY NO. 1:**

All service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

**CATEGORY NO. 2:**

All technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**CATEGORY NO. 3:**

To the extent not already described in Category #2, all **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

///

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**CATEGORY NO. 9:**

The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 10:**

All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 11:**

The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**CATEGORY NO. 12:**

All communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

## Exhibit B
## REQUEST FOR DOCUMENTS

**Request for production of documents #1**

All **DOCUMENTS** reflecting service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

**Request for production of documents #2**

All **DOCUMENTS** including without limitation the technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**Request for production of documents #3**

To the extent not already requested in Request #2, all **DOCUMENTS** reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #4**

All **DOCUMENTS** memorializing the communications between **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of such documents and all electronically versions of such documents. (Note: a hard copy of an electronically stored document may be substituted at the deposition in lieu of the electronic version.)

///

///

///

**Request for production of documents #5**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #6**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #7**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #8**

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**Request for production of documents #9**

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

**Request for production of documents #10**

    All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**Request for production of documents #11**

    All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**Request for production of documents #12**

    All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**Request for production of documents #13**

    All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On September 18, 2008, I served the foregoing document described as **AMENDED NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION**

[x] by faxing and by placing [ ] the original [x] true copies thereof in sealed envelopes addressed as follows:

Michael Taurek, Esq.
John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

Brian Takahashi, Esq.
Douglas J. Lief, Esq.
BOWMAN AND BROOKE LLP
879 West 190th Street, Suite 700
Gardena, CA  90248

Fax (310) 719-1019

[x] *I deposited such envelope in the mail at La Crescenta, California.  The envelope was mailed with postage thereon fully prepaid.

[x] Federal: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on September 18, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT C

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com

5

6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  D.L. EDMONDSON SELECTIVE          )  **Case No.: CV07-3303 CAS (VBKx)**
    SERVICE INC. dba SELECTIVE        )  Hon. Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation, )  Courtroom: 5

13       Plaintiff,                   )  **THIRD NOTICE OF DEPOSITION**
                                      )  **OF DEFENDANT LCW**
14       vs.                          )  **AUTOMOTIVE CORPORATION**
                                      )
15  LCW AUTOMOTIVE                    )
    CORPORATION, a corporation;       )  DATE: December 3, 2008
16  DISTRIBUTION OF LIMOUSINES,       )  TIME: 9:30 a.m.
    INC., a corporation; FORD MOTOR   )  PLACE: 3150 Montrose Avenue
17  COMPANY, a corporation; MODERN    )       La Crescenta, CA 91214
    TECHNOLOGIES GROUP, INC., and     )
18  DOES 1-50, Inclusive,             )

19       Defendants                   )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )

23       TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25       **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

---

1

1   issues specified in Exhibit A, attached hereto, on December 3, 2008 at 9:30 a.m. at
2   the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150
3   Montrose Avenue, La Crescenta, CA  91214.  The witness or witnesses will be
4   required to produce at time of deposition the documents demanded in Exhibit B,
5   attached hereto.

6      YOU ARE FURTHER NOTIFIED that said deposition shall be conducted
7   before a notary public or other person authorized to administer oaths, and shall
8   continue from day to day, Saturdays, Sundays and legal holidays excluded, until
9   completed.

10

11   Dated: November 24, 2008         Brennan, Wiener & Associates, A P.C.

12

13

14                         By: _____
15                            Robert F. Brennan, Esq.
                         Attorneys for Plaintiff
16                            D.L. Edmonson Selective Service Inc., dba
                         Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

Third Notice of Deposition of LCW

## DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

### Exhibit A

### Testimony

**CATEGORY NO. 1:**

All service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

**CATEGORY NO. 2:**

All technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**CATEGORY NO. 3:**

To the extent not already described in Category #2, all **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

///

**CATEGORY NO. 4:**

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 5:**

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 6:**

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 7:**

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 8:**

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**CATEGORY NO. 9:**

The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 10:**

All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 11:**

The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**CATEGORY NO. 12:**

All communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 13:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

## Exhibit B
## REQUEST FOR DOCUMENTS

**Request for production of documents #1**

All **DOCUMENTS** reflecting service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

**Request for production of documents #2**

All **DOCUMENTS** including without limitation the technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**Request for production of documents #3**

To the extent not already requested in Request #2, all **DOCUMENTS** reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #4**

All **DOCUMENTS** memorializing the communications between **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of such documents and all electronically versions of such documents. (Note: a hard copy of an electronically stored document may be substituted at the deposition in lieu of the electronic version.)

///

///

///

**Request for production of documents #5**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #6**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc.  relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #7**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #8**

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**Request for production of documents #9**

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

**Request for production of documents #10**

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**Request for production of documents #11**

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**Request for production of documents #12**

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**Request for production of documents #13**

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 14:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On November 24, 2008, I served the foregoing document described as **THIRD NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION**

[x] by faxing and by placing [ ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[x] <u>Federal:</u> *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on November 24, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT D

## Robert Bichler

**From:** Oliver Griffin [ogriffin@lawsgr.com]
**Sent:** Tuesday, December 02, 2008 7:07 AM
**To:** John E. Nuelle; rbichler@brennanlaw.com
**Subject:** RE: Edmonson

Bob - Please call me about deps, etc. I am afraid we will need to postpone, yet again. If you feel compelled to file a motion, then do so, as I don't blame you, but please call me regarding same.

Regards, Oliver



| | |
|---|---|
| **Oliver Griffin, Esq.** | **Spector Gadon & Rosen P.C.** |
| | 1635 Market Street |
| | 7th Floor |
| | Philadelphia PA 19103 |
| | Direct Phone: +1 215-241-8870 |
| ogriffin@lawsgr.com | Direct Fax: +1 215-531-9177 |
| http://www.lawsgr.com | Cell Phone: +1 215-738-2007 |

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** John E. Nuelle [mailto:JNuelle@greenhall.com]
**Sent:** Thursday, November 13, 2008 6:51 PM
**To:** rbichler@brennanlaw.com
**Cc:** Oliver Griffin
**Subject:** Edmonson

Bob,
We previously provided potential dates for depositions. Please let us know asap of your preference, if any, so we can make arrangements on our end. We have a return status conference on the 24th and I anticipate that the Judge will ask us to participate in another settlement conference.
Thanks,
John

John E. Nuelle, Esq.
**Green & Hall APC**
1851 East First Street, 10th Floor
Santa Ana, CA 92705-4052
(714) 918-7000
(714) 918-6996 facsimile
jnuelle@greenhall.com

EXHIBIT E

## Robert Bichler

**From:**   Robert Brennan [rbrennan@brennanlaw.com]

**Sent:**   Tuesday, December 02, 2008 3:32 PM

**To:**   ogriffin@lawsgr.com

**Cc:**   rbichler@brennanlaw.com; 'Robert Brennan'; 'Robert Wiener'; 'Robert Wiener'

**Subject:** Depos in Edmondsen

Oliver, I would need you to propose exact dates for the continued depositions AND ENTER INTO A STIPULATION AND COURT ORDER FOR SAME, to be filed with the magistrate judge upon execution. That way, if your schedule yet again prohibits the deposition, it would be an automatic violation of a court order. Please propose dates and indicate your assent to this procedure. We, of course, will draft the stipulation. Please let me know by tomorrow if you are willing to proceed on this basis; otherwise we will have to file our motion. Thank you . Bob Brennan

EXHIBIT F



Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.

3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:  (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 1, 2008

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7ᵗʰ Floor
Philadelphia, PA 19103

Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Mr. Griffin:

Our office has been attempting, in vain it turns out, to take the depositions of defendants LCW and MTG for the past several months.  We have noticed LCW's deposition already three times and the deposition of MTG's Eddy Vretado twice with dates your local counsel provided.  We have made innumerable phone calls to Green & Hall, first through Mr. Soo-Hoo and then through Mr. Nuele, to firm up these depositions, but there is always a reason at the end why the depositions cannot go forward, always involving you and your schedule.

Accordingly, we demand that you provide us forthwith with at least four available dates in this month of December to take the depositions of LCW's person(s) most knowledgeable and Mr Vretado of MTG.  Should you fail to provide us with the dates within five days of this letter's date, we will move to compel said depositions.  The time for stalling is up.

Very Truly Yours,
Brennan, Wiener & Associates, A.P.C.

By: 
Robert F. Brennan, Esq.

Cc: John Nuelle
Green & Hall, A Professional Corp.
1851 East First Street, 10ᵗʰ Floor
Santa Ana, CA  92705-4052
Fax: (714) 918-6996

```
                    TRANSMISSION VERIFICATION REPORT

                                          TIME   : 12/01/2008 09:54
                                          NAME   : BRENNAN,WIENER ASSOC
                                          FAX    : 8182494329
                                          TEL    : 8182495291
                                          SER.#  : G8J713241


        DATE,TIME              12/01  09:53
        FAX NO./NAME           12152418844
        DURATION               00:00:18
        PAGE(S)                01
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.



BRENNAN
WIENER
& ASSOC.
ATTORNEYS AT LAW

3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:  (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 1, 2008

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Mr. Griffin:

Our office has been attempting, in vain it turns out, to take the depositions of defendants LCW and MTG for the past several months. We have noticed LCW's deposition already three times and the deposition of MTG's Eddy Vretado twice with dates your local counsel provided. We have made innumerable phone calls to Green & Hall, first through Mr. Soo-Hoo and then through Mr. Nuele, to firm up these depositions, but there is always a reason at the end why the depositions cannot go forward, always involving you and your schedule.

Accordingly, we demand that you provide us forthwith with at least four available dates in this month of December to take the depositions of LCW's person(s) most knowledgeable

EXHIBIT G

Robert F. Brennan, Esq.
Robert A. Wiener. Esq.
Agnes O. Martin, Esq.



3150 Montrose Ave,
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 11, 2008

(via fax # 714.918.6996)
John Nuelle, Esq,
Green & Hall, A Professional Corp.
1851 East First Street, 10th Floor
Santa Ana, CA  92705-4052

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

        Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Gentlemen:

This letter requests a conference pursuant to CD CA Rule 37-1 prior to Plaintiff filing a
motion to compel the depositions of LCW and MTG.  Your email of December 2, 2008 (7:07
AM) confirmed that a motion to compel was in order after your latest in a series of
cancellations and delays.  I replied by email the same date advising you that we would need
proposed exact dates and a stipulation and court order to avoid a motion to compel.  Your
response was requested by December 3, 2008.  I did not receive a reply from you.

On the afternoon of Friday, December 5, 2008, Robert Bichler of this office received a call
from "Chris" of Green & Hall providing available deposition dates of January 2-8 and "15-
on" of 2009.  Mr. Bichler informed her that we needed an agreement from you to enter into a
stipulation and court order.  She said she did not know anything about that, but had spent
most of the day trying to reach someone from your office and wanted nothing to do with
attempting to contact your office again on the matter.

Pursuant to Rule 37-1, there are no specific discovery issues in dispute for the depositions.
The motion to compel will be directed at your apparent attempt to continue delaying the

*Brennan, Wiener & Associates*

December 11, 2008
Page 2 of 2

depositions toward the discovery cut-off date in order to disadvantage Plaintiff's case. Please be advised that the motion to compel will only seek monetary sanctions against you personally and your firm.

Since an in-person conference pursuant to Rule 37-1 is not feasible, I will expect a telephone call, fax or email from you immediately confirming that you are agreeing to the attached stipulation. If I do not receive the signed stipulation within 10 calendar days, we will proceed with the motion to compel without further notice. I trust you will be cooperative in returning the signed stipulation immediately so that all parties can plan accordingly.

Very Truly Yours,
Brennan, Wiener & Associates, A P.C.


By: _____
Robert F. Brennan, Esq.

EXHIBIT H

1   Robert F. Brennan, Esq. {S.B.#132449}
    Robert A. Wiener, Esq. {S.B.#132847}
2   Brennan, Wiener & Associates, A P.C.
    3150 Montrose Avenue
3   La Crescenta, CA 91214
    Tel: (818) 249-5291
4   Fax: (818) 249-4329
    Email: rbrennan@brennanlaw.com
5
    Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
6   Limousine Service
7
8                   UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10
11  D.L. EDMONDSON SELECTIVE          )  Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE        )  Hon. Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation, )  Courtroom: 5
                                      )
13       Plaintiff,                   )
                                      )  **FOURTH NOTICE OF**
14       vs.                          )  **DEPOSITION OF DEFENDANT**
                                      )  **LCW AUTOMOTIVE**
15  LCW AUTOMOTIVE                    )  **CORPORATION**
    CORPORATION, a corporation;       )
16  DISTRIBUTION OF LIMOUSINES,       )
    INC., a corporation; FORD MOTOR   )  DATE: January 6, 2009
17  COMPANY, a corporation; MODERN    )  TIME: 9:30 a.m.
    TECHNOLOGIES GROUP, INC., and     )  PLACE: 3150 Montrose Avenue
18  DOES 1-50, Inclusive,             )           La Crescenta, CA 91214
                                      )
19       Defendants                   )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )

A &#9410; EXHIBIT _1_
Deponent _____
Date 1/6/09 Rptr. HG
WWW.DEPOBOOK.COM

23       TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25       **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

1 issues specified in Exhibit A, attached hereto, on January 6, 2009 at 9:30 a.m. at

2 the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150

3 Montrose Avenue, La Crescenta, CA 91214. The witness or witnesses will be

4 required to produce at time of deposition the documents demanded in Exhibit B,

5 attached hereto.

6     YOU ARE FURTHER NOTIFIED that said deposition shall be conducted

7 before a notary public or other person authorized to administer oaths, and shall

8 continue from day to day, Saturdays, Sundays and legal holidays excluded, until

9 completed.

10

11 Dated: December 16, 2008         Brennan, Wiener & Associates, A P.C.

12

13

14                  By: _____

15                       Robert F. Brennan, Esq.
                      Attorneys for Plaintiff

16                       D.L. Edmonson Selective Service Inc., dba
                      Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFINITIONS

2     Words in **CAPITALS** in these interrogatories are defined as follows:

3     **DOCUMENT(S)** shall be defined co-extensively with the term "writing" as

4 defined by California Evidence Code Section 250.

5     **CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in

6 this case.

7     **PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective

8 Limousine Service

9     **SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN:

10 1L1FM88W76Y6002259.

11

12

### Exhibit A

13

### Testimony

14 <u>CATEGORY NO. 1:</u>

15     All service, repairs, attempted repairs, inspections and/or diagnosis

16 performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of

17 **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

18 <u>CATEGORY NO. 2:</u>

19     All technical manuals, service manuals, technical service bulletins that

20 contain any repair, service, diagnostic and or maintenance procedures applicable

21 to the **SUBJECT VEHICLE** that were issued at any time.

22 <u>CATEGORY NO. 3:</u>

23     To the extent not already described in Category #2, all **CUSTOMIZER'S**

24 instructions used to perform any service or repairs on the **SUBJECT VEHICLE**

25 at any time.

26

27 ///

28

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

1  ## CATEGORY NO. 9:

2  The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for

3  replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

4  ## CATEGORY NO. 10:

5  All communications between the **CUSTOMIZER** and anyone other than

6  counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

7  ## CATEGORY NO. 11:

8  The **CUSTOMIZER'S** policies and/or procedures establishing guidelines

9  for any vehicle reimbursement for any complaints covered by the original

10  **CUSTOMIZER'S** warranty.

11
    ## CATEGORY NO. 12:

12
    All communications, including but not limited to emails, letters, and
13
    computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time
14
    regarding the **SUBJECT VEHICLE**, including but not limited to all repairs or
15
16  attempted repairs.

17  ## CATEGORY NO. 13:

18  All written warranties from **CUSTOMIZER** that covered any and all work,

19  including components, that **CUSTOMIZER** performed on the **SUBJECT**

20  **VEHICLE** at any time.

21

22

23

24

25

26

27

28

# Exhibit B
## REQUEST FOR DOCUMENTS

Request for production of documents #1

All **DOCUMENTS** reflecting service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

Request for production of documents #2

All **DOCUMENTS** including without limitation the technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

Request for production of documents #3

To the extent not already requested in Request #2, all **DOCUMENTS** reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

Request for production of documents #4

All **DOCUMENTS** memorializing the communications between **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of such documents and all electronically versions of such documents. (Note: a hard copy of an electronically stored document may be substituted at the deposition in lieu of the electronic version.)

///

///

///

## Request for production of documents #5

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #6

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #7

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #8

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

## Request for production of documents #9

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF**, including but not limited to all warranties from the co-defendants in this case.

7

Request for production of documents #10

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

Request for production of documents #11

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

Request for production of documents #12

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

Request for production of documents #13

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE**, including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 14:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

EXHIBIT I

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


D.L. EDMONDSON SELECTIVE      )
SERVICE, INC., dba            )
SELECTIVE LIMOUSINE SERVICE,  )
a Corporation,                )
                              )
                   Plaintiff, )
          VS.                 ) CASE NO:
                              ) CV07-3303-CAS (VBKx)
                              )
LCW AUTOMOTIVE CORPORATION,   ) DECLARATION OF
a corporation;                ) NONAPPEARANCE OF
DISTRIBUTION OF LIMOUSINES,   ) PERSON MOST
INC., a corporation;          ) KNOWLEDGEABLE
FORD MOTOR COMPANY,           ) AT LCW AUTOMOTIVE
a corporation; MODERN         )
TECHNOLOGIES GROUP, INC.,     )
and DOES 1-50, Inclusive,     )
                              )
                  Defendants. )
_____)


        I, HELENA GASTELLU, a Certified Shorthand

Reporter, No. 13313, in and for the County of

Los Angeles, declare as follows:

        That on Tuesday, January 6, 2009, pursuant to

the request of Robert A. Wiener, of Brennan, Wiener &

Associates, I did appear at his office at 3150 Montrose

1

1    Avenue, La Crescenta, California, at 9:30 a.m., for the

2    purpose of reporting the testimony of Person Most

3    knowoledgeable at LCW Automotive, the Defendant in the

4    above-entitled action, pursuant to Notice;

5        That I remained at said place until the hour of

6    9:37 a.m., during which time no communication was

7    received from the witness, and the witness did not

8    appear;

9        That at the hour of 9:37 a.m., the witness had

10   not appeared for the purpose of having his deposition

11   taken and the following proceedings were held at the

12   request of counsel:

13

14        "MR. WIENER:  It's 9:37, and we've

15             had no phone calls indicating that

16             anybody is coming and they're going to

17             be late.  And to the contrary, we've

18             actually had some discussions with the

19             other side, and they've indicated they

20             would not be appearing today.  So I'll

21             ask the court reporter to prepare a

22             certificate of nonappearance, and I will

23             attach as Exhibit 1 a copy of the Notice

24             Of Deposition today, which is the Fourth

25             Notice of Deposition of Defendant LCW

2

1    Automotive Corporation."

2         (Plaintiff's Exhibit 1 was marked for

3         identification by the Court Reporter,

4         and a copy is attached hereto.)

5         "MR. WIENER:  And also, as Exhibit 2,

6         we'll attach a letter dated December 16th,

7         which enclosed a stipulation in which we

8         attempted to try to set a specific date

9         for the deposition, and defendant declined."

10        (Plaintiff's Exhibit 2 was marked for

11        identification by the Court Reporter,

12        and a copy is attached hereto.)

13        "MR. WIENER:  Okay.  So we'll do the

14        record of nonappearance and adjourn."

15

16        I further certify that I am neither counsel

17   for, nor related to, any party to said action, nor in

18   anywise interested in the outcome thereof.

19        In witness whereof, I have hereunto subscribed

20   my name this 6th day of January, 2009.

21

22

23        _____

24             HELENA GASTELLU, CSR NO. 13313

25

                                                    3

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  Brennan, Wiener & Associates, A P.C.
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com

5

6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  D.L. EDMONDSON SELECTIVE          **Case No.: CV07-3303 CAS (VBKx)**
    SERVICE INC. dba SELECTIVE        Hon. Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation, Courtroom: 5

13       Plaintiff,                   **FOURTH NOTICE OF**

14       vs.                          **DEPOSITION OF DEFENDANT**
                                      **LCW AUTOMOTIVE**
15  LCW AUTOMOTIVE                    **CORPORATION**
    CORPORATION, a corporation;
16  DISTRIBUTION OF LIMOUSINES,
    INC., a corporation; FORD MOTOR   DATE: January 6, 2009
17  COMPANY, a corporation; MODERN    TIME: 9:30 a.m.
    TECHNOLOGIES GROUP, INC., and
18  DOES 1-50, Inclusive,             PLACE: 3150 Montrose Avenue
                                            La Crescenta, CA 91214
19       Defendants

20

21

22

23       TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25       **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

1

1   issues specified in Exhibit A, attached hereto, on January 6, 2009 at 9:30 a.m. at

2   the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150

3   Montrose Avenue, La Crescenta, CA 91214. The witness or witnesses will be

4   required to produce at time of deposition the documents demanded in Exhibit B,

5   attached hereto.

6      YOU ARE FURTHER NOTIFIED that said deposition shall be conducted

7   before a notary public or other person authorized to administer oaths, and shall

8   continue from day to day, Saturdays, Sundays and legal holidays excluded, until

9   completed.

10

11   Dated: December 16, 2008         Brennan, Wiener & Associates, A P.C.

12

13

14                     By:

15                         Robert F. Brennan, Esq.
                          Attorneys for Plaintiff

16                         D.L. Edmonson Selective Service Inc., dba
                          Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

## DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

### Exhibit A

### Testimony

<u>CATEGORY NO. 1:</u>

All service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

<u>CATEGORY NO. 2:</u>

All technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

<u>CATEGORY NO. 3:</u>

To the extent not already described in Category #2, all **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

///

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

## CATEGORY NO. 9:

The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 10:

All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 11:

The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

## CATEGORY NO. 12:

All communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE**, including but not limited to all repairs or attempted repairs.

## CATEGORY NO. 13:

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

1

2

Exhibit B
REQUEST FOR DOCUMENTS

3

Request for production of documents #1

4     All DOCUMENTS reflecting service, repairs, attempted repairs,

5 inspections and/or diagnosis performed on the SUBJECT VEHICLE at any time

6 by CUSTOMIZER or any of CUSTOMIZER'S authorized repair facilities.

7

Request for production of documents #2

8     All DOCUMENTS including without limitation the technical manuals,

9 service manuals, technical service bulletins that contain any repair, service,

10 diagnostic and or maintenance procedures applicable to the SUBJECT

11 VEHICLE that were issued at any time.

12

13

Request for production of documents #3

14     To the extent not already requested in Request #2, all DOCUMENTS

15 reflecting CUSTOMIZER'S instructions used to perform any service or repairs

16 on the SUBJECT VEHICLE at any time.

17

Request for production of documents #4

18     All DOCUMENTS memorializing the communications between

19 CUSTOMIZER and CUSTOMIZER'S authorized repair facilities relating to or

20 memorializing service procedures, repairs, attempted repairs, inspections and/or

21 diagnosis on the SUBJECT VEHICLE at any time, including all hard copies of

22 such documents and all electronically versions of such documents. (Note: a hard

23 copy of an electronically stored document may be substituted at the deposition in

24 lieu of the electronic version.)

25 ///

26 ///

27 ///

28

### Request for production of documents #5

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

### Request for production of documents #6

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

### Request for production of documents #7

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

### Request for production of documents #8

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

### Request for production of documents #9

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

Request for production of documents #10

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

Request for production of documents #11

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

Request for production of documents #12

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

Request for production of documents #13

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE**, including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 14:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.



Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.

3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbichler@brennanlaw.com

## *VIA U.S. MAIL AND FACSIMILE TRANSMISSION*
December 16, 2008

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Re: *D.L. Edmonson Selective Service Inc. dba Selective Limousine Service v. LCW, MTG, et al.*  CV07-3303 CAS (VBKx)

Dear Counsel:

Attached please find a "Stipulation Setting Dates for Depositions of Defendant LCW Automotive Corporation and Eddy Vretado of Defendant Modern Technologies Group, Inc. In Lieu of Motion to Compel; [PROPOSED] ORDER". Please date and sign immediately and return the signature page to me so that we can get this on file. Thank you.

Sincerely,
Brennan, Wiener & Associates, A P.C.

By: _____
Bob Bichler

Encl.: As stated above

EXHIBIT 2
Deponent
Date

1  Robert F. Brennan, Esq. {S.B.#132449}
2  Robert A. Wiener, Esq. {S.B.#132847}
   **Brennan, Wiener & Associates, A P.C.**
3  3150 Montrose Avenue
   La Crescenta, CA 91214
4  Tel: (818) 249-5291
   Fax: (818) 249-4329
5  Email: rbrennan@brennanlaw.com

6

7  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc.

8  dba Selective Limousine Service

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12

13  D.L. EDMONSON SELECTIVE              ) Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE           ) Hon. Christina A. Snyder
14  LIMOUSINE SERVICE, a Corporation,    ) Courtroom: 5

15                    Plaintiff,         ) **STIPULATION SETTING DATES**
                                         ) **FOR DEPOSITIONS OF**
16                                       ) **DEFENDANT LCW**
17         vs.                           ) **AUTOMOTIVE CORPORATION**
                                         ) **AND EDDY VRETADO OF**
18  LCW AUTOMOTIVE                       ) **DEFENDANT MODERN**
    CORPORATION, a corporation;          ) **TECHNOLOGIES GROUP, INC. IN**
19  DISTRIBUTION OF LIMOUSINES,          ) **LIEU OF MOTION TO COMPEL;**
    INC., a corporation; FORD MOTOR      ) **[PROPOSED] ORDER**
20  COMPANY, a corporation; MODERN       )
21  TECHNOLOGIES GROUP, INC.; and        )
    DOES 1-50, Inclusive,                )
22                                       )
23                   Defendants.         )

24  _____ )

25

26

27

28

1        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD
2    HEREIN:

3        WHEREAS Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
4    Limousine Service has noticed the deposition of Defendant LCW Automotive
5    Corporation ("LCW") three times and the deposition of Eddy Vretado of
6    Defendant Modern Technologies Group, Inc. ("MTG") twice;

7        WHEREAS these depositions have not gone forward each time due to
8    reasons offered by Oliver D. Griffin, counsel for Defendants LCW and MTG;

9        WHEREAS Plaintiff is intending to pursue a motion to compel seeking
10    monetary sanctions against Mr. Griffin and his firm;

11        WHEREAS the parties wish to avoid the filing of a motion to compel;

12        WHEREAS Plaintiff has issued Amended Deposition Notices for the
13    subject depositions, attached hereto as Exhibits A and B, setting new dates for
14    these depositions;

15        WHEREAS Plaintiff confirms that the Deposition Notices are the same as
16    the prior Deposition Notices served, with the exception of the deposition dates
17    specified;

18        ACCORDINGLY, Plaintiff David L. Edmonson, Jr., Defendant LCW, and
19    Defendant MTG hereby enter into the following stipulation via respective counsel
20    of record:

21        1. IT IS HEREBY STIPULATED by and between Plaintiff and Defendants
22    that the deposition of LCW will be taken on January 6, 2009 in accordance with
23    the Fourth Notice of Deposition attached hereto as Exhibit A.

24        2. IT IS HEREBY STIPULATED by and among Plaintiff and Defendants
25    that the deposition of Eddy Vretado of MTG will be taken on January 8, 2009 in
26    accordance with the Third Notice of Deposition attached hereto as Exhibit B.

27        IT IS SO STIPULATED.

28

1   Dated: December 16, 2008      BRENNAN, WIENER & ASSOCIATES, A P.C.

2

3

4                                 By: _____

5                                     Robert F. Brennan, Esq.
                                      Attorneys for Plaintiff

6                                     D.L. Edmonson Selective Service Inc.
                                      dba Selective Limousine Service

7

8   Dated: December ___, 2008      SPECTOR GADON & ROSEN, P.C.

9

10

11                                  By: _____

12                                    Oliver D. Griffin, Esq.
                                    Attorneys for Defendants

13                                     LCW Automotive Corporation and
                                    Modern Technologies Group, Inc.

14

15   Dated: December ___, 2008      GREEN & HALL, APC

16

17

18                                  By: _____

19                                    John E. Nuelle, Esq.
                                    Attorneys for Defendants

20                                     LCW Automotive Corporation and
                                    Modern Technologies Group, Inc.

21

22

23

24

25

26

27

28

1

## ORDER

2

3        1. IT IS HEREBY ORDERED that the deposition of Defendant LCW

4    Automotive Corporation shall be taken on January 6, 2009 in accordance with the

5    Fourth Notice of Deposition attached to the parties' stipulation as Exhibit A.

6        2. IT IS HEREBY ORDERED that the deposition of Eddy Vretado of MTG

7    shall be taken on January 8, 2009 in accordance with the Third Notice of

8    Deposition attached to the parties' stipulation as Exhibit B.

9

10

11

12
                          _____
13                        Hon. Christina A. Snyder, Judge
                          United States District Court
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On **February 11, 2009**, I served the foregoing document described as **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPOATION'S PERSON MOST KNOWLEDGEABLE AND PRODUCTION OF DOCUMENTS; REQUEST FOR MONETARY SACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**

by placing [x ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

[x] *I deposited such envelope in the mail at La Crescenta, California.  The envelope was mailed with postage thereon fully prepaid.

[x] Federal: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on **February 11, 2009**, at La Crescenta, California

Isabel Grubbs