Robert F. Brennan, Esq. {S.B.#132449}
Robert A. Wiener, Esq. {S.B.#132847}
**Brennan, Wiener & Associates, A P.C.**
3150 Montrose Avenue
La Crescenta, CA 91214
Tel: (818) 249-5291
Fax: (818) 249-4329
Email: rbrennan@brennanlaw.com

Attorneys for Plaintiff D.L. EDMONSON
SELECTIVE SERVICE INC. dba SELECTIVE
LIMOUSINE SERVICE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.L. EDMONSON SELECTIVE SERVICE INC. dba SELECTIVE LIMOUSINE SERVICE, a Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> LCW AUTOMOTIVE CORPORATION, a corporation; DISTRIBUTION OF LIMOUSINES, INC., a corporation; FORD MOTOR COMPANY, a corporation; MODERN TECHNOLOGIES GROUP, INC.; and DOES 1-50, Inclusive, <br><br> Defendants. | Case No.: CV07-3303 CAS (VBKx) <br> Hon.  Victor B. Kenton <br><br> **DECLARATION OF ROBERT F. BRENNAN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFEDANT LCW AUTOMOTIVE CORPORATION** <br><br> [Filed concurrently with Motion to Compel.] <br><br> Date: _March 10, 2009 <br> Time: 10:00 a.m. <br> Courtroom: 934H <br><br> Trial Date: May 26, 2009 |

## DECLARATION OF ROBERT F. BRENNAN

I, Robert F. Brennan, declare:

1. I am an attorney at law, in good standing and admitted to practice before the courts of the State of California, including this United States District Court.

2. I am attorney for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective Limousine Service in this action against Defendants  LCW Automotive Corporation ("LCW") and Modern Technologies Group, Inc. ("MTG").

3. I submit this Declaration in support of Plaintiff's present motion to compel Defendant LCW to produce at deposition the person most knowledgeable and documents set forth in the recent Notices of Deposition served on LCW.

4. This motion to compel follows a long series of attempts by Defendant's counsel to, Oliver Griffin, to avoid having the deposition of LCW taken, including last minute cancellations.

5. Approximately nine months ago, on April 18, 2008, Plaintiff served its first Notice of Deposition on LCW setting the deposition for May 21, 2008, a true and correct copy of which is attached hereto as Exhibit A.

6. Shortly before the deposition, Mr. Griffin cancelled.

7. On September 18, 2008, Plaintiff served its first Amended Notice of Deposition on LCW, setting the deposition for September 26, 2008, a true and correct copy of which is attached hereto as Exhibit B.

8. Shortly before the deposition, Mr. Griffin again cancelled.

9. On November 24, 2008, Plaintiff served its Third Notice of Deposition on LCW, setting the deposition for December 3, 2008, a true and correct copy of which is attached hereto as Exhibit C.

10. On December 2, 2008, Mr. Griffin sent an email to me confirming his prior verbal cancellation, stating in part in the email: "I am afraid we will need to postpone, yet again.  If you feel compelled to file a motion, then do so, as I don't

1  blame you . . . ." No reasons for the cancellation was provided. A true and correct

2  copy of Mr. Griffin's December 2, 2008 email is attached hereto as Exhibit D.

3      11. I emailed Mr. Griffin back, advising that we would need proposed exact

4  dates "AND ENTER INTO A STIPULATION AND COURT ORDER FOR

5  SAME, to be filed with the magistrate judge upon execution;" otherwise, we

6  would have to file a motion to compel. A true and correct copy of my email is

7  attached hereto as Exhibit E. Mr. Griffin was asked to respond by the next day

8  (Wednesday, December 3) if he would consent to this proposal, but he did not

9  reply.

10     12. By letter dated December 1, 2008, I advised Mr. Griffin of the chronic

11 cancellations and the innumerable phone calls to Defendants' local co-counsel

12 Green & Hall, to schedule Defendant's deposition. I requested that Mr. Griffin

13 send me dates in December for the deposition. A true and correct copy of my

14 December 1, 2008 letter is attached hereto as Exhibit F. Mr. Griffin never replied

15 to the letter.

16     13. On December 11, 2008, I sent a meet and confer letter, pursuant to Rule

17 37-1, to Mr. Griffin regarding this latest in a series of cancellations and delays on

18 his part. A true and correct copy of my December 11, 2008 letter is attached

19 hereto as Exhibit G. Mr. Griffin did not reply directly to the letter.

20     14. On December 5, 2008, Mr. John Nuelle, local co-counsel to Mr. Griffin,

21 provided various dates for the deposition of LCW (and co-Defendant MTG),

22 including January 6, 2009.

23     15. My office made a number of attempts to obtain a formal stipulation by

24 Mr. Griffin to the deposition date, but no response from Mr. Griffin was received.

25 We then noticed the deposition of LCW's person most knowledgeable for January

26 6, 2009. A true and correct copy of the fourth Notice of Deposition is attached

27 hereto as Exhibit H.

28

16. On January 6, 2009, LCW and Mr. Griffin did not appear for the noticed deposition. A Declaration of Nonappearance was taken, a copy of which is attached hereto as Exhibit I. I had not received any communication from Mr. Griffin prior to or after the failure to appear.

17. The accompanying Declaration of Robert Bichler confirms the frustration of attempting to work with Mr. Griffin to get the LCW deposition scheduled.

18. Prior to filing the present motion to compel, I made a reasonable and good faith attempt to resolve informally the dispute with Mr. Griffin, as supported by the above-referenced communications, to no avail. It is clear that Mr. Griffin is stalling discovery and will continue doing so absent an order of the court compelling the deposition.

19. Plaintiff has incurred 18.8 hours of attorney time at $400.00 per hour and seven hours of paralegal time at $185.00 per hour in connection with preparing the present motion to compel. In addition, Plaintiff will incur approximately two hours of time in connection with attending the hearing on the matter, at a rate of $525.00 per hour. The total charges incurred by Plaintiff exceeds $9,865.00. These charges were necessary and reasonable to present a complete analysis of the factual record showing the efforts to obtain the discovery in issue.

20. Plaintiff respectfully requests that the Court order Mr. Griffin and Defendant to comply with producing the person most knowledgeable of LCW, produce the documents requested, and order Mr. Griffin to pay monetary sanctions to Plaintiff and Plaintiff's attorneys in the amount of $9,865.00.

///

///

///

1    Executed this ___ day of January, 2009. I declare under penalty of perjury
2  under the laws of the State of California that the foregoing is true and correct.
3
4
5
                                        Robert F. Brennan
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

1   Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2   **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3   La Crescenta, CA 91214
   Tel: (818) 249-5291
4   Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com

5

6   Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   D.L. EDMONDSON SELECTIVE          ) **Case No.: CV07-3303 CAS (VBKx)**
    SERVICE INC. dba SELECTIVE         ) Hon. Christina A. Snyder
12   LIMOUSINE SERVICE, a Corporation, ) Courtroom: 5

13        Plaintiff,                   )

14        vs.                          ) **NOTICE OF DEPOSITION OF**
                                       ) **DEFENDANT LCW**
15   LCW AUTOMOTIVE                    ) **AUTOMOTIVE CORPORATION**
    CORPORATION, a corporation;        )
16   DISTRIBUTION OF LIMOUSINES,       )
    INC., a corporation; FORD MOTOR    )
17   COMPANY, a corporation; MODERN    )
    TECHNOLOGIES GROUP, INC., and      ) DATE: May 21, 2008
18   DOES 1-50, Inclusive,             ) TIME: 9:30 a.m.
                                       ) PLACE: 3150 Montrose Avenue
19        Defendants                   )          La Crescenta, CA 91214
                                       )
20                                     )
                                       )
21                                     )
                                       )
22                                     )

23        TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24   OF RECORD HEREIN:

25        **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26   26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27   Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28   CORPORATION via its person or persons most qualified to testify regarding the

1  issues specified in Exhibit A, attached hereto, on May 21, 2008 at 9:30 a.m. at the

2  law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150 Montrose

3  Avenue, La Crescenta, CA 91214. The witness or witnesses will be required to

4  produce at time of deposition the documents demanded in Exhibit B, attached

5  hereto.

6     YOU ARE FURTHER NOTIFIED that said deposition shall be conducted

7  before a notary public or other person authorized to administer oaths, and shall

8  continue from day to day, Saturdays, Sundays and legal holidays excluded, until

9  completed.

10

11  Dated: April ___, 2008         Brennan, Wiener & Associates, A P.C.

12

13

14  By: _____

15        Robert F. Brennan, Esq.
      Attorneys for Plaintiff

16        D.L. Edmonson Selective Service Inc., dba
      Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

# DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

## Exhibit A

### Testimony
### EXHIBIT A

## CATEGORIES OF TESTIMONY

1. The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

2. All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

3. The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

4. All buybacks of vehicles that have the same problems as the **SUBJECT VEHICLE** and are the same model and year as the **SUBJECT VEHICLE.**

# EXHIBIT B

## REQUEST FOR DOCUMENTS

1. All **DOCUMENTS** which were reviewed in making the **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

2. All **DOCUMENTS** which support the **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

3.   All **DOCUMENTS** memorializing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

4. All **DOCUMENTS** memorializing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle's reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

5.   All **DOCUMENTS** listing the buybacks of vehicles that have the same problems as the **SUBJECT VEHICLE** and are the same model and year as the **SUBJECT VEHICLE**.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On April 18, 2008, I served the foregoing document described as <u>NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION (re decision to deny)</u>

[x] by placing [ ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

Brian J. Soo-Hoo, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Brian Takahashi, Esq.
Douglas J. Lief, Esq.
BOWMAN AND BROOKE LLP
879 West 190th Street, Suite 700
Gardena, CA  90248

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[x] <u>Federal</u>: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on April 18, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT B

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com

5

6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  D.L. EDMONDSON SELECTIVE          )  **Case No.: CV07-3303 CAS (VBKx)**
    SERVICE INC. dba SELECTIVE        )  Hon.  Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation, )  Courtroom: 5
                                      )
13         Plaintiff,                 )  **AMENDED NOTICE OF**
                                      )  **DEPOSITION OF DEFENDANT**
14         vs.                        )  **LCW AUTOMOTIVE**
                                      )  **CORPORATION**
15  LCW AUTOMOTIVE                    )
    CORPORATION, a corporation;       )
16  DISTRIBUTION OF LIMOUSINES,       )
    INC., a corporation; FORD MOTOR   )  DATE: September 26, 2008
17  COMPANY, a corporation; MODERN    )  TIME:  10:30 a.m.
    TECHNOLOGIES GROUP, INC., and     )  PLACE: 3150 Montrose Avenue
18  DOES 1-50, Inclusive,             )        La Crescenta, CA 91214
                                      )
19         Defendants                 )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22                                    )

23      TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25      **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

                                      1

issues specified in Exhibit A, attached hereto, on September 26, 2008 at 10:30 a.m. at the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150 Montrose Avenue, La Crescenta, CA  91214.  The witness or witnesses will be required to produce at time of deposition the documents demanded in Exhibit B, attached hereto.

YOU ARE FURTHER NOTIFIED that said deposition shall be conducted before a notary public or other person authorized to administer oaths, and shall continue from day to day, Saturdays, Sundays and legal holidays excluded, until completed.

Dated: September 18, 2008          Brennan, Wiener & Associates, A P.C.


By: _____
        Robert F. Brennan, Esq.
        Attorneys for Plaintiff
        D.L. Edmonson Selective Service Inc., dba
        Selective Limousine Service

## DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

## Exhibit A

### Testimony

**CATEGORY NO. 1:**

All service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

**CATEGORY NO. 2:**

All technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**CATEGORY NO. 3:**

To the extent not already described in Category #2, all **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

## CATEGORY NO. 9:

The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 10:

All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 11:

The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

## CATEGORY NO. 12:

All communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

## Exhibit B
## REQUEST FOR DOCUMENTS

**Request for production of documents #1**

All **DOCUMENTS** reflecting service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

**Request for production of documents #2**

All **DOCUMENTS** including without limitation the technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**Request for production of documents #3**

To the extent not already requested in Request #2, all **DOCUMENTS** reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #4**

All **DOCUMENTS** memorializing the communications between **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of such documents and all electronically versions of such documents. (Note: a hard copy of an electronically stored document may be substituted at the deposition in lieu of the electronic version.)

///

///

///

**Request for production of documents #5**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #6**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #7**

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #8**

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**Request for production of documents #9**

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

7

**Request for production of documents #10**

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**Request for production of documents #11**

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**Request for production of documents #12**

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**Request for production of documents #13**

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On September 18, 2008, I served the foregoing document described as **AMENDED NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION**

[x] by faxing and by placing [ ] the original [x] true copies thereof in sealed envelopes addressed as follows:

Michael Taurek, Esq.
John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

Brian Takahashi, Esq.
Douglas J. Lief, Esq.
BOWMAN AND BROOKE LLP
879 West 190th Street, Suite 700
Gardena, CA  90248

Fax (310) 719-1019

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[x] Federal: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on September 18, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT C

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  **Brennan, Wiener & Associates, A P.C.**
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com

5

6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 D.L. EDMONDSON SELECTIVE          )  **Case No.: CV07-3303 CAS (VBKx)**
   SERVICE INC. dba SELECTIVE        )  Hon.  Christina A. Snyder
12 LIMOUSINE SERVICE, a Corporation, )  Courtroom: 5

13     Plaintiff,                    )  **THIRD NOTICE OF DEPOSITION**
                                     )  **OF DEFENDANT LCW**
14     vs.                           )  **AUTOMOTIVE CORPORATION**
                                     )
15 LCW AUTOMOTIVE                    )
   CORPORATION, a corporation;       )  DATE: December 3, 2008
16 DISTRIBUTION OF LIMOUSINES,       )  TIME:  9:30 a.m.
   INC., a corporation; FORD MOTOR   )  PLACE: 3150 Montrose Avenue
17 COMPANY, a corporation; MODERN    )         La Crescenta, CA 91214
   TECHNOLOGIES GROUP, INC., and     )
18 DOES 1-50, Inclusive,             )

19     Defendants                    )
                                     )
20                                   )
                                     )
21                                   )
                                     )
22                                   )

23    TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24 OF RECORD HEREIN:

25    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure

26 26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27 Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28 CORPORATION via its person or persons most qualified to testify regarding the

1

1  issues specified in Exhibit A, attached hereto, on December 3, 2008 at 9:30 a.m. at

2  the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150

3  Montrose Avenue, La Crescenta, CA  91214.  The witness or witnesses will be

4  required to produce at time of deposition the documents demanded in Exhibit B,

5  attached hereto.

6      YOU ARE FURTHER NOTIFIED that said deposition shall be conducted

7  before a notary public or other person authorized to administer oaths, and shall

8  continue from day to day, Saturdays, Sundays and legal holidays excluded, until

9  completed.

10

11  Dated: November 24, 2008             Brennan, Wiener & Associates, A P.C.

12

13

14                                       By: _____

15                                       Robert F. Brennan, Esq.
                                         Attorneys for Plaintiff
16                                       D.L. Edmonson Selective Service Inc., dba
                                         Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

## DEFINITIONS

Words in **CAPITALS** in these interrogatories are defined as follows:

**DOCUMENT(S)** shall be defined co-extensively with the term "writing" as defined by California Evidence Code Section 250.

**CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in this case.

**PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective Limousine Service

**SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN: 1L1FM88W76Y6002259.

### Exhibit A

### Testimony

**CATEGORY NO. 1:**

All service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

**CATEGORY NO. 2:**

All technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**CATEGORY NO. 3:**

To the extent not already described in Category #2, all **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

///

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

**CATEGORY NO. 9:**

The **CUSTOMIZER'S** decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 10:**

All communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**CATEGORY NO. 11:**

The **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**CATEGORY NO. 12:**

All communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 13:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

# Exhibit B
# REQUEST FOR DOCUMENTS

**Request for production of documents #1**

All **DOCUMENTS** reflecting service, repairs, attempted repairs, inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

**Request for production of documents #2**

All **DOCUMENTS** including without limitation the technical manuals, service manuals, technical service bulletins that contain any repair, service, diagnostic and or maintenance procedures applicable to the **SUBJECT VEHICLE** that were issued at any time.

**Request for production of documents #3**

To the extent not already requested in Request #2, all **DOCUMENTS** reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs on the **SUBJECT VEHICLE** at any time.

**Request for production of documents #4**

All **DOCUMENTS** memorializing the communications between **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of such documents and all electronically versions of such documents. (Note: a hard copy of an electronically stored document may be substituted at the deposition in lieu of the electronic version.)

///

///

///

## Request for production of documents #5

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #6

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #7

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #8

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

## Request for production of documents #9

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

**Request for production of documents #10**

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

**Request for production of documents #11**

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

**Request for production of documents #12**

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

**Request for production of documents #13**

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

**CATEGORY NO. 14:**

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On November 24, 2008, I served the foregoing document described as **THIRD NOTICE OF DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION**

[x] by faxing and by placing [ ] the original [x] true copies thereof in sealed envelopes addressed as follows:

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

[x] *I deposited such envelope in the mail at La Crescenta, California. The envelope was mailed with postage thereon fully prepaid.

[x] Federal: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on November 24, 2008, at La Crescenta, California.

Bob Bichler

EXHIBIT D

## Robert Bichler

**From:** Oliver Griffin [ogriffin@lawsgr.com]
**Sent:** Tuesday, December 02, 2008 7:07 AM
**To:** John E. Nuelle; rbichler@brennanlaw.com
**Subject:** RE: Edmonson

Bob - Please call me about deps, etc. I am afraid we will need to postpone, yet again. If you feel compelled to file a motion, then do so, as I don't blame you, but please call me regarding same.

Regards, Oliver



| **Oliver Griffin, Esq.** | **Spector Gadon & Rosen P.C.** |
| --- | --- |
| | 1635 Market Street |
| | 7th Floor |
| | Philadelphia PA 19103 |
| | Direct Phone: +1 215-241-8870 |
| ogriffin@lawsgr.com | Direct Fax: +1 215-531-9177 |
| http://www.lawsgr.com | Cell Phone: +1 215-738-2007 |

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** John E. Nuelle [mailto:JNuelle@greenhall.com]
**Sent:** Thursday, November 13, 2008 6:51 PM
**To:** rbichler@brennanlaw.com
**Cc:** Oliver Griffin
**Subject:** Edmonson

Bob,
We previously provided potential dates for depositions. Please let us know asap of your preference, if any, so we can make arrangements on our end. We have a return status conference on the 24th and I anticipate that the Judge will ask us to participate in another settlement conference.
Thanks,
John

John E. Nuelle, Esq.
**Green & Hall APC**
1851 East First Street, 10th Floor
Santa Ana, CA 92705-4052
(714) 918-7000
(714) 918-6996 facsimile
jnuelle@greenhall.com

EXHIBIT E

## Robert Bichler

**From:** Robert Brennan [rbrennan@brennanlaw.com]

**Sent:** Tuesday, December 02, 2008 3:32 PM

**To:** ogriffin@lawsgr.com

**Cc:** rbichler@brennanlaw.com; 'Robert Brennan'; 'Robert Wiener'; 'Robert Wiener'

**Subject:** Depos in Edmondsen

Oliver, I would need you to propose exact dates for the continued depositions AND ENTER INTO A STIPULATION AND COURT ORDER FOR SAME, to be filed with the magistrate judge upon execution. That way, if your schedule yet again prohibits the deposition, it would be an automatic violation of a court order. Please propose dates and indicate your assent to this procedure. We, of course, will draft the stipulation. Please let me know by tomorrow if you are willing to proceed on this basis; otherwise we will have to file our motion. Thank you . Bob Brennan

EXHIBIT F



Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.

3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 1, 2008

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Mr. Griffin:

Our office has been attempting, in vain it turns out, to take the depositions of defendants
LCW and MTG for the past several months.  We have noticed LCW's deposition already
three times and the deposition of MTG's Eddy Vretado twice with dates your local counsel
provided.  We have made innumerable phone calls to Green & Hall, first through Mr. Soo-
Hoo and then through Mr. Nuele, to firm up these depositions, but there is always a reason at
the end why the depositions cannot go forward, always involving you and your schedule.

Accordingly, we demand that you provide us forthwith with at least four available dates in
this month of December to take the depositions of LCW's person(s) most knowledgeable
and Mr Vretado of MTG.  Should you fail to provide us with the dates within five days of
this letter's date, we will move to compel said depositions.  The time for stalling is up.

Very Truly Yours,
Brennan, Wiener & Associates, A.P.C.

By:
Robert F. Brennan, Esq.

Cc: John Nuelle
Green & Hall, A Professional Corp.
1851 East First Street, 10th Floor
Santa Ana, CA  92705-4052
Fax: (714) 918-6996

TRANSMISSION VERIFICATION REPORT

```
TIME   : 12/01/2008 09:54
NAME   : BRENNAN,WIENER ASSOC
FAX    : 8182494329
TEL    : 8182495291
SER.#  : G8J713241
```

```
DATE,TIME         12/01  09:53
FAX NO./NAME      12152418844
DURATION          00:00:18
PAGE(S)           01
RESULT            OK
MODE              STANDARD
                  ECM
```

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.



3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:  (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 1, 2008

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Mr. Griffin:

Our office has been attempting, in vain it turns out, to take the depositions of defendants LCW and MTG for the past several months. We have noticed LCW's deposition already three times and the deposition of MTG's Eddy Vretado twice with dates your local counsel provided. We have made innumerable phone calls to Green & Hall, first through Mr. Soo-Hoo and then through Mr. Nuele, to firm up these depositions, but there is always a reason at the end why the depositions cannot go forward, always involving you and your schedule.

Accordingly, we demand that you provide us forthwith with at least four available dates in this month of December to take the depositions of LCW's person(s) most knowledgeable

# EXHIBIT G

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.



3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-1329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbrennan@brennanlaw.com

December 11, 2008

(via fax # 714.918.6996)
John Nuelle, Esq,
Green & Hall, A Professional Corp.
1851 East First Street, 10th Floor
Santa Ana, CA  92705-4052

(via fax # 215.241.8844)
Oliver D. Griffin, Esq.
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Re: *David L. Edmonson v. LCW, Ford, et al.* (BC 367824)

Dear Gentlemen:

This letter requests a conference pursuant to CD CA Rule 37-1 prior to Plaintiff filing a
motion to compel the depositions of LCW and MTG.  Your email of December 2, 2008 (7:07
AM) confirmed that a motion to compel was in order after your latest in a series of
cancellations and delays.  I replied by email the same date advising you that we would need
proposed exact dates and a stipulation and court order to avoid a motion to compel.  Your
response was requested by December 3, 2008.  I did not receive a reply from you.

On the afternoon of Friday, December 5, 2008, Robert Bichler of this office received a call
from "Chris" of Green & Hall providing available deposition dates of January 2-8 and "15-
on" of 2009.  Mr. Bichler informed her that we needed an agreement from you to enter into a
stipulation and court order.  She said she did not know anything about that, but had spent
most of the day trying to reach someone from your office and wanted nothing to do with
attempting to contact your office again on the matter.

Pursuant to Rule 37-1, there are no specific discovery issues in dispute for the depositions.
The motion to compel will be directed at your apparent attempt to continue delaying the

*Brennan, Wiener & Associates*

December 11, 2008
Page 2 of 2

depositions toward the discovery cut-off date in order to disadvantage Plaintiff's case. Please be advised that the motion to compel will only seek monetary sanctions against you personally and your firm.

Since an in-person conference pursuant to Rule 37-1 is not feasible, I will expect a telephone call, fax or email from you immediately confirming that you are agreeing to the attached stipulation. If I do not receive the signed stipulation within 10 calendar days, we will proceed with the motion to compel without further notice. I trust you will be cooperative in returning the signed stipulation immediately so that all parties can plan accordingly.

> Very Truly Yours,
> Brennan, Wiener & Associates, A P.C.
>
>
> By: _____
> Robert F. Brennan, Esq.

EXHIBIT H

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  Brennan, Wiener & Associates, A P.C.
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com
5
6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  D.L. EDMONDSON SELECTIVE            Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE          Hon. Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation,   Courtroom: 5

13        Plaintiff,                    FOURTH NOTICE OF
                                        DEPOSITION OF DEFENDANT
14        vs.                           LCW AUTOMOTIVE
                                        CORPORATION
15  LCW AUTOMOTIVE
    CORPORATION, a corporation;
16  DISTRIBUTION OF LIMOUSINES,
    INC., a corporation; FORD MOTOR     DATE: January 6, 2009
17  COMPANY, a corporation; MODERN      TIME: 9:30 a.m.
    TECHNOLOGIES GROUP, INC., and       PLACE: 3150 Montrose Avenue
18  DOES 1-50, Inclusive,                      La Crescenta, CA 91214

19        Defendants

20

21

22

23      TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25      PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

A (T) EXHIBIT 1
Deponent
Date 1/6/09 Rptr. HG
WWW.DEPOBOOK.COM

1

1   issues specified in Exhibit A, attached hereto, on January 6, 2009 at 9:30 a.m. at

2   the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150

3   Montrose Avenue, La Crescenta, CA 91214. The witness or witnesses will be

4   required to produce at time of deposition the documents demanded in Exhibit B,

5   attached hereto.

6      YOU ARE FURTHER NOTIFIED that said deposition shall be conducted

7   before a notary public or other person authorized to administer oaths, and shall

8   continue from day to day, Saturdays, Sundays and legal holidays excluded, until

9   completed.

10

11   Dated: December 16, 2008        Brennan, Wiener & Associates, A P.C.

12

13

14                By:

15                    Robert F. Brennan, Esq.
                       Attorneys for Plaintiff

16                    D.L. Edmonson Selective Service Inc., dba
                       Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## DEFINITIONS

2    Words in **CAPITALS** in these interrogatories are defined as follows:

3    **DOCUMENT(S)** shall be defined co-extensively with the term "writing" as
4    defined by California Evidence Code Section 250.

5    **CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in
6    this case.

7    **PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective
8    Limousine Service

9    **SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN:
10   1L1FM88W76Y6002259.

11

12                              ## Exhibit A

13                              ### Testimony

14   <u>CATEGORY NO. 1:</u>

15   All service, repairs, attempted repairs, inspections and/or diagnosis
16   performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of
17   **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

18   <u>CATEGORY NO. 2:</u>

19   All technical manuals, service manuals, technical service bulletins that
20   contain any repair, service, diagnostic and or maintenance procedures applicable
21   to the **SUBJECT VEHICLE** that were issued at any time.

22   <u>CATEGORY NO. 3:</u>

23   To the extent not already described in Category #2, all **CUSTOMIZER'S**
24   instructions used to perform any service or repairs on the **SUBJECT VEHICLE**
25   at any time.

26   ///

27

28

3

1  **CATEGORY NO. 4:**

2      All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S**
3  authorized repair facilities relating to or memorializing service procedures, repairs,
4  attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any
5  time.

6  **CATEGORY NO. 5:**

7      All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S**
8  authorized repair facilities and **PLAINTIFF** relating to or memorializing service
9  procedures, repairs, attempted repairs, inspections and/or diagnosis on the
10  **SUBJECT VEHICLE** at any time.

11

12  **CATEGORY NO. 6:**

13      All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S**
14  authorized repair facilities and co-defendant Modern Technologies Group, Inc.
15  relating to or memorializing any issues with allegedly defective or malfunctioning
16  parts on the **SUBJECT VEHICLE** at any time.

17

18  **CATEGORY NO. 7:**

19      All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S**
20  authorized repair facilities and co-defendant Ford Motor Company relating to or
21  memorializing service procedures, repairs, attempted repairs, inspections and/or
22  diagnosis on the **SUBJECT VEHICLE** at any time.

23

24  **CATEGORY NO. 8:**

25      All mutual agreements between **CUSTOMIZER** and co-defendant Ford
26  Motor Company relating to the customizing of Lincoln vehicles into customized
27  limousines.

28

CATEGORY NO. 9:

The CUSTOMIZER'S decision to deny PLAINTIFF'S request for replacement or reimbursement for the SUBJECT VEHICLE at any time.

CATEGORY NO. 10:

All communications between the CUSTOMIZER and anyone other than counsel for CUSTOMIZER regarding the SUBJECT VEHICLE at any time.

CATEGORY NO. 11:

The CUSTOMIZER'S policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original CUSTOMIZER'S warranty.

CATEGORY NO. 12:

All communications, including but not limited to emails, letters, and computerized notes, between PLAINTIFF and CUSTOMIZER at any time regarding the SUBJECT VEHICLE, including but not limited to all repairs or attempted repairs.

CATEGORY NO. 13:

All written warranties from CUSTOMIZER that covered any and all work, including components, that CUSTOMIZER performed on the SUBJECT VEHICLE at any time.

1

2

## Exhibit B
## REQUEST FOR DOCUMENTS

3    Request for production of documents #1

4    All **DOCUMENTS** reflecting service, repairs, attempted repairs,
5    inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time
6    by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

7    Request for production of documents #2

8    All **DOCUMENTS** including without limitation the technical manuals,
9    service manuals, technical service bulletins that contain any repair, service,
10   diagnostic and or maintenance procedures applicable to the **SUBJECT**
11   **VEHICLE** that were issued at any time.

12

13   Request for production of documents #3

14   To the extent not already requested in Request #2, all **DOCUMENTS**
15   reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs
16   on the **SUBJECT VEHICLE** at any time.

17   Request for production of documents #4

18   All **DOCUMENTS** memorializing the communications between
19   **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or
20   memorializing service procedures, repairs, attempted repairs, inspections and/or
21   diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of
22   such documents and all electronically versions of such documents. (Note: a hard
23   copy of an electronically stored document may be substituted at the deposition in
24   lieu of the electronic version.)

25   ///

26   ///

27   ///

28

Request for production of documents #5

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

Request for production of documents #6

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

Request for production of documents #7

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

Request for production of documents #8

All **DOCUMENTS** reflecting all mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

Request for production of documents #9

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

7

1 | Request for production of documents #10

2     All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its

3 | decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the

4 | **SUBJECT VEHICLE** at any time.

5 | Request for production of documents #11

6     All **DOCUMENTS** evidencing all communications between the

7 | **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the

8 | **SUBJECT VEHICLE** at any time.

9 | Request for production of documents #12

10

11     All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or

12 | procedures establishing guidelines for any vehicle reimbursement for any

13 | complaints covered by the original **CUSTOMIZER'S** warranty.

14 | Request for production of documents #13

15     All **DOCUMENTS** evidencing communications, including but not limited to

16 | emails, letters, and computerized notes, between **PLAINTIFF** and

17 | **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE**, including but

18 | not limited to all repairs or attempted repairs.

19 | **CATEGORY NO. 14:**

20     All written warranties from **CUSTOMIZER** that covered any and all work,

21 | including components, that **CUSTOMIZER** performed on the **SUBJECT**

22 | **VEHICLE** at any time.

23

24

25

26

27

28

EXHIBIT I

1

2

3

4

5        UNITED STATES DISTRICT COURT

6        CENTRAL DISTRICT OF CALIFORNIA

7

8

9   D.L. EDMONDSON SELECTIVE        )
    SERVICE, INC., dba              )
10  SELECTIVE LIMOUSINE SERVICE,    )
    a Corporation,                  )
11                                  )
                    Plaintiff,      )
12          VS.                     ) CASE NO:
                                    ) CV07-3303-CAS (VBKx)
13                                  )
    LCW AUTOMOTIVE CORPORATION,     ) DECLARATION OF
14  a corporation;                  ) NONAPPEARANCE OF
    DISTRIBUTION OF LIMOUSINES,     ) PERSON MOST
15  INC., a corporation;            ) KNOWLEDGEABLE
    FORD MOTOR COMPANY,             ) AT LCW AUTOMOTIVE
16  a corporation; MODERN           )
    TECHNOLOGIES GROUP, INC.,       )
17  and DOES 1-50, Inclusive,       )
                                    )
18                  Defendants.     )
    _____)

19

20          I, HELENA GASTELLU, a Certified Shorthand

21  Reporter, No. 13313, in and for the County of

22  Los Angeles, declare as follows:

23          That on Tuesday, January 6, 2009, pursuant to

24  the request of Robert A. Wiener, of Brennan, Wiener &

25  Associates, I did appear at his office at 3150 Montrose

                                                              1

1   Avenue, La Crescenta, California, at 9:30 a.m., for the

2   purpose of reporting the testimony of Person Most

3   knowoledgeable at LCW Automotive, the Defendant in the

4   above-entitled action, pursuant to Notice;

5            That I remained at said place until the hour of

6   9:37 a.m., during which time no communication was

7   received from the witness, and the witness did not

8   appear;

9            That at the hour of 9:37 a.m., the witness had

10   not appeared for the purpose of having his deposition

11   taken and the following proceedings were held at the

12   request of counsel:

13

14            "MR. WIENER:   It's 9:37, and we've

15            had no phone calls indicating that

16            anybody is coming and they're going to

17            be late.   And to the contrary, we've

18            actually had some discussions with the

19            other side, and they've indicated they

20            would not be appearing today.   So I'll

21            ask the court reporter to prepare a

22            certificate of nonappearance, and I will

23            attach as Exhibit 1 a copy of the Notice

24            Of Deposition today, which is the Fourth

25            Notice of Deposition of Defendant LCW

2

1    Automotive Corporation."

2        (Plaintiff's Exhibit 1 was marked for

3        identification by the Court Reporter,

4        and a copy is attached hereto.)

5        "MR. WIENER:  And also, as Exhibit 2,

6        we'll attach a letter dated December 16th,

7        which enclosed a stipulation in which we

8        attempted to try to set a specific date

9        for the deposition, and defendant declined."

10       (Plaintiff's Exhibit 2 was marked for

11       identification by the Court Reporter,

12       and a copy is attached hereto.)

13       "MR. WIENER:  Okay.  So we'll do the

14       record of nonappearance and adjourn."

15

16       I further certify that I am neither counsel

17   for, nor related to, any party to said action, nor in

18   anywise interested in the outcome thereof.

19       In witness whereof, I have hereunto subscribed

20   my name this 6th day of January, 2009.

21

22

23       _____

24            HELENA GASTELLU, CSR NO. 13313

25

3

1  Robert F. Brennan, Esq. {S.B.#132449}
   Robert A. Wiener, Esq. {S.B.#132847}
2  Brennan, Wiener & Associates, A P.C.
   3150 Montrose Avenue
3  La Crescenta, CA 91214
   Tel: (818) 249-5291
4  Fax: (818) 249-4329
   Email: rbrennan@brennanlaw.com
5
6  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
   Limousine Service
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  D.L. EDMONDSON SELECTIVE          ) Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE        ) Hon. Christina A. Snyder
12  LIMOUSINE SERVICE, a Corporation, ) Courtroom: 5

13        Plaintiff,                  )
                                      ) FOURTH NOTICE OF
14        vs.                         ) DEPOSITION OF DEFENDANT
                                      ) LCW AUTOMOTIVE
15  LCW AUTOMOTIVE                    ) CORPORATION
    CORPORATION, a corporation;       )
16  DISTRIBUTION OF LIMOUSINES,       )
    INC., a corporation; FORD MOTOR   ) DATE: January 6, 2009
17  COMPANY, a corporation; MODERN    ) TIME: 9:30 a.m.
    TECHNOLOGIES GROUP, INC., and     ) PLACE: 3150 Montrose Avenue
18  DOES 1-50, Inclusive,             )        La Crescenta, CA 91214
                                      )
19        Defendants                  )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22  _____  )

23      TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS

24  OF RECORD HEREIN:

25      PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure

26  26 and 30, counsel for Plaintiff D.L. Edmonson Selective Service, Inc. dba

27  Selective Limousine Service will take the deposition of LCW AUTOMOTIVE

28  CORPORATION via its person or persons most qualified to testify regarding the

A@EXHIBIT
Deponent
Date 1/6/09 Rptr: H6
WWW.DEPOBOOK.COM

1

1  issues specified in Exhibit A, attached hereto, on January 6, 2009 at 9:30 a.m. at
2  the law offices of BRENNAN, WIENER & ASSOCIATES, A P.C., 3150
3  Montrose Avenue, La Crescenta, CA 91214. The witness or witnesses will be
4  required to produce at time of deposition the documents demanded in Exhibit B,
5  attached hereto.

6      YOU ARE FURTHER NOTIFIED that said deposition shall be conducted
7  before a notary public or other person authorized to administer oaths, and shall
8  continue from day to day, Saturdays, Sundays and legal holidays excluded, until
9  completed.

10

11  Dated: December 16, 2008        Brennan, Wiener & Associates, A P.C.

12

13

14                  By:

15                      Robert F. Brennan, Esq.
                    Attorneys for Plaintiff

16                      D.L. Edmonson Selective Service Inc., dba
                    Selective Limousine Service

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## DEFINITIONS

2     Words in **CAPITALS** in these interrogatories are defined as follows:

3     **DOCUMENT(S)** shall be defined co-extensively with the term "writing" as

4 defined by California Evidence Code Section 250.

5     **CUSTOMIZER** refers to LCW Automotive Corporation, co-defendant in

6 this case.

7     **PLAINTIFF** refers to D.L. Edmonson Selective Service, Inc. dba Selective

8 Limousine Service

9     **SUBJECT VEHICLE** refers to a 2006 Lincoln Limo VIN:

10 1L1FM88W76Y6002259.

11

12                              Exhibit A

13                              Testimony

14 <u>CATEGORY NO. 1:</u>

15     All service, repairs, attempted repairs, inspections and/or diagnosis

16 performed on the **SUBJECT VEHICLE** at any time by **CUSTOMIZER** or any of

17 **CUSTOMIZER'S** authorized repair facilities or sublet facilities.

18 <u>CATEGORY NO. 2:</u>

19     All technical manuals, service manuals, technical service bulletins that

20 contain any repair, service, diagnostic and or maintenance procedures applicable

21 to the **SUBJECT VEHICLE** that were issued at any time.

22 <u>CATEGORY NO. 3:</u>

23     To the extent not already described in Category #2, all **CUSTOMIZER'S**

24 instructions used to perform any service or repairs on the **SUBJECT VEHICLE**

25 at any time.

26

27 ///

28

## CATEGORY NO. 4:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 5:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 6:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 7:

All communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## CATEGORY NO. 8:

All mutual agreements between **CUSTOMIZER** and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

CATEGORY NO. 9:

1
2       The CUSTOMIZER'S decision to deny PLAINTIFF'S request for
3  replacement or reimbursement for the SUBJECT VEHICLE at any time.

4  CATEGORY NO. 10:

5       All communications between the CUSTOMIZER and anyone other than
6  counsel for CUSTOMIZER regarding the SUBJECT VEHICLE at any time.

7  CATEGORY NO. 11:

8       The CUSTOMIZER'S policies and/or procedures establishing guidelines
9  for any vehicle reimbursement for any complaints covered by the original
10 CUSTOMIZER'S warranty.

11
   CATEGORY NO. 12:
12
        All communications, including but not limited to emails, letters, and
13
   computerized notes, between PLAINTIFF and CUSTOMIZER at any time
14
   regarding the SUBJECT VEHICLE, including but not limited to all repairs or
15
16 attempted repairs.

17 CATEGORY NO. 13:

18      All written warranties from CUSTOMIZER that covered any and all work,
19 including components, that CUSTOMIZER performed on the SUBJECT
20 VEHICLE at any time.

21

22

23

24

25

26

27

28

1

2

## Exhibit B
## REQUEST FOR DOCUMENTS

3 <u>Request for production of documents #1</u>

4 All **DOCUMENTS** reflecting service, repairs, attempted repairs,
5 inspections and/or diagnosis performed on the **SUBJECT VEHICLE** at any time
6 by **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities.

7 <u>Request for production of documents #2</u>

8 All **DOCUMENTS** including without limitation the technical manuals,
9 service manuals, technical service bulletins that contain any repair, service,
10 diagnostic and or maintenance procedures applicable to the **SUBJECT**
11 **VEHICLE** that were issued at any time.
12
13 <u>Request for production of documents #3</u>

14 To the extent not already requested in Request #2, all **DOCUMENTS**
15 reflecting **CUSTOMIZER'S** instructions used to perform any service or repairs
16 on the **SUBJECT VEHICLE** at any time.

17 <u>Request for production of documents #4</u>

18 All **DOCUMENTS** memorializing the communications between
19 **CUSTOMIZER** and **CUSTOMIZER'S** authorized repair facilities relating to or
20 memorializing service procedures, repairs, attempted repairs, inspections and/or
21 diagnosis on the **SUBJECT VEHICLE** at any time, including all hard copies of
22 such documents and all electronically versions of such documents. (Note: a hard
23 copy of an electronically stored document may be substituted at the deposition in
24 lieu of the electronic version.)

25 ///
26 ///
27 ///
28

6

## Request for production of documents #5

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and **PLAINTIFF** relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #6

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Modern Technologies Group, Inc. relating to or memorializing any issues with allegedly defective or malfunctioning parts on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #7

All **DOCUMENTS** reflecting all communications between **CUSTOMIZER** or any of **CUSTOMIZER'S** authorized repair facilities and co-defendant Ford Motor Company relating to or memorializing service procedures, repairs, attempted repairs, inspections and/or diagnosis on the **SUBJECT VEHICLE** at any time.

## Request for production of documents #8

All **DOCUMENTS** reflecting all mutual agreements between CUSTOMIZER and co-defendant Ford Motor Company relating to the customizing of Lincoln vehicles into customized limousines.

## Request for production of documents #9

All written warranties that accompanied the sale of the **SUBJECT VEHICLE** to **PLAINTIFF,** including but not limited to all warranties from the co-defendants in this case.

7

## Request for production of documents #10

All **DOCUMENTS** relied on by The **CUSTOMIZER** in making its decision to deny **PLAINTIFF'S** request for replacement or reimbursement for the **SUBJECT VEHICLE** at any time.

## Request for production of documents #11

All **DOCUMENTS** evidencing all communications between the **CUSTOMIZER** and anyone other than counsel for **CUSTOMIZER** regarding the **SUBJECT VEHICLE** at any time.

## Request for production of documents #12

All **DOCUMENTS** evidencing the **CUSTOMIZER'S** policies and/or procedures establishing guidelines for any vehicle reimbursement for any complaints covered by the original **CUSTOMIZER'S** warranty.

## Request for production of documents #13

All **DOCUMENTS** evidencing communications, including but not limited to emails, letters, and computerized notes, between **PLAINTIFF** and **CUSTOMIZER** at any time regarding the **SUBJECT VEHICLE,** including but not limited to all repairs or attempted repairs.

## CATEGORY NO. 14:

All written warranties from **CUSTOMIZER** that covered any and all work, including components, that **CUSTOMIZER** performed on the **SUBJECT VEHICLE** at any time.

Robert F. Brennan, Esq.
Robert A. Wiener, Esq.
Agnes O. Martin, Esq.



3150 Montrose Ave.
La Crescenta, California 91214
Phone: (818) 249-5291
Fax:   (818) 249-4329
E-Mail:rbrennan@brennanlaw.com

Writers Direct E-Mail
rbichler@brennanlaw.com

## *VIA U.S. MAIL AND FACSIMILE TRANSMISSION*
December 16, 2008

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Re: *D.L. Edmonson Selective Service Inc. dba Selective Limousine Service v. LCW, MTG, et al.*   CV07-3303 CAS (VBKx)

Dear Counsel:

Attached please find a "Stipulation Setting Dates for Depositions of Defendant LCW Automotive Corporation and Eddy Vretado of Defendant Modern Technologies Group, Inc. In Lieu of Motion to Compel; [PROPOSED] ORDER". Please date and sign immediately and return the signature page to me so that we can get this on file. Thank-you.

Sincerely,
Brennan, Wiener & Associates, A P.C.

By: _____
Bob Bichler

Encl.: As stated above

ABC EXHIBIT 2
Deponent
th /ng.

1  Robert F. Brennan, Esq. {S.B.#132449}
2  Robert A. Wiener, Esq. {S.B.#132847}
   **Brennan, Wiener & Associates, A P.C.**
3  3150 Montrose Avenue
   La Crescenta, CA 91214
4  Tel: (818) 249-5291
   Fax: (818) 249-4329
5  Email: rbrennan@brennanlaw.com
6
7  Attorneys for Plaintiff D.L. Edmonson Selective Service Inc.
   dba Selective Limousine Service
8
9
10              UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12
13  D.L. EDMONSON SELECTIVE          ) Case No.: CV07-3303 CAS (VBKx)
    SERVICE INC. dba SELECTIVE       ) Hon. Christina A. Snyder
14  LIMOUSINE SERVICE, a Corporation,) Courtroom: 5
15                                   )
                Plaintiff,           ) **STIPULATION SETTING DATES**
16                                   ) **FOR DEPOSITIONS OF**
                                     ) **DEFENDANT LCW**
17         vs.                       ) **AUTOMOTIVE CORPORATION**
                                     ) **AND EDDY VRETADO OF**
18  LCW AUTOMOTIVE                   ) **DEFENDANT MODERN**
    CORPORATION, a corporation;      ) **TECHNOLOGIES GROUP, INC. IN**
19  DISTRIBUTION OF LIMOUSINES,      ) **LIEU OF MOTION TO COMPEL;**
20  INC., a corporation; FORD MOTOR  ) **[PROPOSED] ORDER**
    COMPANY, a corporation; MODERN   )
21  TECHNOLOGIES GROUP, INC.; and    )
    DOES 1-50, Inclusive,            )
22                                   )
23              Defendants.          )
24  _____  )
25
26
27
28

                                    1

1         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD
2  HEREIN:

3       WHEREAS Plaintiff D.L. Edmonson Selective Service Inc. dba Selective
4  Limousine Service has noticed the deposition of Defendant LCW Automotive
5  Corporation ("LCW") three times and the deposition of Eddy Vretado of
6  Defendant Modern Technologies Group, Inc. ("MTG") twice;

7       WHEREAS these depositions have not gone forward each time due to
8  reasons offered by Oliver D. Griffin, counsel for Defendants LCW and MTG;

9       WHEREAS Plaintiff is intending to pursue a motion to compel seeking
10  monetary sanctions against Mr. Griffin and his firm;

11       WHEREAS the parties wish to avoid the filing of a motion to compel;

12       WHEREAS Plaintiff has issued Amended Deposition Notices for the
13  subject depositions, attached hereto as Exhibits A and B, setting new dates for
14  these depositions;

15       WHEREAS Plaintiff confirms that the Deposition Notices are the same as
16  the prior Deposition Notices served, with the exception of the deposition dates
17  specified;

18       ACCORDINGLY, Plaintiff David L. Edmonson, Jr., Defendant LCW, and
19  Defendant MTG hereby enter into the following stipulation via respective counsel
20  of record:

21       1. IT IS HEREBY STIPULATED by and between Plaintiff and Defendants
22  that the deposition of LCW will be taken on January 6, 2009 in accordance with
23  the Fourth Notice of Deposition attached hereto as Exhibit A.

24       2. IT IS HEREBY STIPULATED by and among Plaintiff and Defendants
25  that the deposition of Eddy Vretado of MTG will be taken on January 8, 2009 in
26  accordance with the Third Notice of Deposition attached hereto as Exhibit B.

27       IT IS SO STIPULATED.

28

1   Dated: December /b, 2008          BRENNAN, WIENER & ASSOCIATES, A P.C.

2

3

4                                     By: _____
                                           Robert F. Brennan, Esq.
5                                          Attorneys for Plaintiff
                                           D.L. Edmonson Selective Service Inc.
6                                          dba Selective Limousine Service

7

8   Dated: December __, 2008          SPECTOR GADON & ROSEN, P.C.

9

10

11                                    By: _____
                                           Oliver D. Griffin, Esq.
12                                         Attorneys for Defendants
                                           LCW Automotive Corporation and
13                                         Modern Technologies Group, Inc.

14

15  Dated: December __, 2008          GREEN & HALL, APC

16

17

18                                    By: _____
                                           John E. Nuelle, Esq.
19                                         Attorneys for Defendants
                                           LCW Automotive Corporation and
20                                         Modern Technologies Group, Inc.

21

22

23

24

25

26

27

28

_____
                        3
Stipulation Setting Dates for Depositions; Order

## ORDER

1. IT IS HEREBY ORDERED that the deposition of Defendant LCW Automotive Corporation shall be taken on January 6, 2009 in accordance with the Fourth Notice of Deposition attached to the parties' stipulation as Exhibit A.

2. IT IS HEREBY ORDERED that the deposition of Eddy Vretado of MTG shall be taken on January 8, 2009 in accordance with the Third Notice of Deposition attached to the parties' stipulation as Exhibit B.

_____
Hon. Christina A. Snyder, Judge
United States District Court

EXHIBIT A

## PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 3150 Montrose Avenue, La Crescenta, CA 91214.

On **February 11, 2009**, I served the foregoing document described as **DECLARATION OF ROBERT F. BRENNAN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF DEFENDANT LCW AUTOMOTIVE CORPORATION**

by placing [x ] the original [x] true copies
thereof in sealed envelopes addressed as follows:

John E. Nuelle, Esq.
GREEN & HALL, A PROFESSIONAL CORP.
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052

Fax (714) 918-6996

Oliver D. Griffin, Esq. (Pro Hac Vice)
SPECTOR GADON & ROSEN
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Fax (215) 241-8844

[x] *I deposited such envelope in the mail at La Crescenta, California.  The envelope was mailed with postage thereon fully prepaid.

[x] Federal: *I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on **February 11, 2009**, at La Crescenta, California.

Isabel Grubbs